## THIEL v. SOUTHERN PAC. CO.

### No. 9912.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1942.

Rehearing Denied April 15, 1942.

Allen Spivock, of San Francisco, Cal., for appellant.

Dunne & Dunne and Arthur B. Dunne, all of San Francisco, Cal., for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Gilbert E. Thiel, a citizen of California, sued appellee, Southern Pacific Company, a Kentucky corporation, for damages in the sum of $250,000 for injuries alleged to have been suffered by appellant. The suit was brought in a State court of California, but, on petition of appellee, was thence removed to the District Court of the United States for the Northern District of California. A motion to remand the suit to the State court was denied. Thereafter, disregarding the removal and the refusal to remand, appellant threatened to and did attempt to prosecute the suit in the State court. Appellee thereupon applied to the District Court for an injunction restraining such prosecution. The District Court ordered appellant to appear and show cause why the injunction should not issue. Appellant appeared, but showed no cause. Accordingly, the District Court, after a hearing, entered a judgment granting the injunction. From that judgment this appeal is prosecuted.

By § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), the district courts of the United States are given original jurisdiction: "Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * is between citizens of different States." Section 28 of the Judicial Code, 28 U.S.C.A. § 71, provides: "Any * * * suit of a civil nature, at law or in equity, of which the district

courts of the United States are given jurisdiction, * * * in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

This is a suit of a civil nature at common law. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and is between appellant, a citizen of California, and appellee, a citizen of Kentucky. Appellant nevertheless contends that this is not a suit of which the district courts of the United States are given jurisdiction, because, says appellant, the controversy is not wholly between citizens of different States. In support of his contention, appellant points to the caption of his complaint, which names as defendants not only appellee, but also "First Doe, Second Doe and Third Doe."

Appellant's contention must be rejected; for, although the Does are named as defendants in the caption of the complaint, the complaint states no cause of action—no claim upon which relief can be granted[1]—against the Does or either of them. It not only fails to show who the Does are, but also fails to show any relationship whatever between the Does and appellant or between the Does and appellee, or that any legal duty was ever owed by the Does to appellant. Much less does it show that such duty was breached.

The complaint alleges that at all times mentioned therein appellee was a common carrier operating a railroad between Reno, Nevada, and San Francisco, California; that on February 25, 1940, appellant purchased a ticket from appellee "to take him by train" from Reno to San Francisco; and—

"That at said time and shortly thereafter, [appellee] was informed through one of its regularly uniformed special police officers and by other of its agents that plaintiff [appellant] was not then in his normal mind by reason of excessive and continued drinking of alcoholic liquors and that plaintiff should not be taken as a passenger or else should be guarded on his said proposed trip to San Francisco as plaintiff was in a highly depressed mental state over his marriage of a week before in said Reno and he might do something rash; that thereupon said special officer remained with plaintiff on the train for some time but then, acting in a careless and reckless manner, left him alone and unguarded before said train started for San Francisco.

"That on or about 8:30 P.M. of said date and while said train was in motion * * * plaintiff, while out of his normal mind and in said highly depressed mental state, suddenly opened the window of said train and leaping out, held onto said window sill with his hands for some time before falling to the ground; that one of [appellee's] regular conductors on said train saw plaintiff hanging from said window but negligently and carelessly failed to give the stop signal until after plaintiff had fallen to the ground.

"That said fall was caused by the careless and reckless conduct of said defendants [appellee and the Does] who, with full knowledge of plaintiff's said condition, accepted him as a passenger and then carelessly and recklessly failed to take any reasonable precautions for his safety."

The complaint further alleges that, upon falling from the train, appellant sustained injuries, which the complaint describes, and that, "as a result of all of the above, [appellant] has been damaged in the total sum of $250,000," for which he prays judgment against "said defendants"—appellee and the Does.

The complaint does not give the names of the officers, agents or conductors mentioned therein, nor does it identify or attempt to identify any of them with any of the Does. In so far as it refers to the Does, the statement that "said defendants * * * accepted [appellant] as a passenger and then * * * failed to take any reasonable precautions for his safety" is meaningless; for it does not appear that the Does were carriers or agents or employees of carriers, or had anything to do with the acceptance or rejection of passengers, or owed any duty whatever to

---

[1] Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A. following   section 723c.

appellant. The characterization of their conduct as "careless and reckless" merely expresses a conclusion of the pleader—a conclusion which the pleaded facts do not warrant.

No cause of action having been stated against the Does, they must be disregarded in determining whether the suit was removable. Cella v. Brown, 8 Cir., 144 F. 742; Peters v. Plains Petroleum Co., 10 Cir., 43 F.2d 49, 50; Knight v. Atlantic Coast Line R. Co., 5 Cir., 73 F.2d 76, 77, 99 A.L.R. 405. Disregarding them, it is clear that the controversy is wholly between appellant and appellee. Since appellant and appellee are citizens of different States, and the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, the suit is one of which the district courts of the United States are given jurisdiction, and hence was removable.

After the suit was removed, appellant moved the District Court for leave to amend his complaint so as to name as defendants, in the place of First Doe and Second Doe, Frank Elton Cosgrove and Otto Sorenson, citizens of California, and so as to state (or attempt to state) a cause of action against them; appellant being under the delusion that he could thereby defeat the District Court's jurisdiction and compel a remand of the suit to the State court. The proposed amended complaint and the motion for leave to file it are included in the record on this appeal, but may not be considered by us in determining whether the suit was removable; for that question must "be determined according to [appellant's] pleading at the time of the petition for removal." Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83, L.Ed. 334.[2]

The suit having been properly removed to the District Court, appellant's attempt to prosecute it further in the State court was wrongful and unlawful and was properly enjoined. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 245, 25 S.Ct. 251, 49 L.Ed. 462; Chesapeake & Ohio R. Co. v. McCabe, 213 U.S. 207, 217-219, 29 S.Ct. 430, 53 L.Ed. 765; Chesapeake & Ohio R. Co. v. McDonald, 214 U.S. 191, 195, 29 S.Ct. 546, 53 L.Ed. 963; Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 154, 155, 34 S.Ct. 278, 58 L.Ed. 544; Toucey v. New York Life Ins. Co., 314 U.S. 118, 132, 133, 62 S.Ct. 139, 86 L.Ed. —, 137 A.L.R. 967.

Judgment affirmed.

---

2 See, also, Barney v. Latham, 103 U.S. 205, 213-216, 26 L.Ed. 514; Graves v. Corbin, 132 U.S. 571, 585, 10 S.Ct. 196, 33 L.Ed. 462; Louisville & Nashville R. Co. v. Wangelin, 132 U.S. 599, 601, 10 S.Ct. 203, 33 L.Ed. 473; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 190, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 295, 58 S.Ct. 586, 82 L.Ed. 845.