## MEYERKORTH v. McKEONE et al.

## WILSON v. SAME.

Nos. 1898, 1899.

District Court, W. D. Missouri, W. D.

Jan. 6, 1945.

324

Charles Rubins, E. E. Thompson, and Alfred H. Osborne, all of Kansas City, Mo., for plaintiff.

Stanley Garrity and John W. Oliver, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

Since the facts are identical in both of the above cases, it is agreed that the ruling on the motion to remand in case number 1898 will be controlling in case number 1899.

The several cases were removed to this court on the grounds of a separable controversy and fraudulent joinder. On the question of fraudulent joinder, no evidence was offered but the removing defendants rely wholly upon the averments of the complaints. In fact both parties rest their contentions on the allegations contained in the several complaints. In ruling on the motions, therefore, it is only necessary to examine the complaint or petition in number 1898 as identical averments are contained in complaint number 1899.

It is alleged by the plaintiff in each case that he was a passenger in an automobile operated by the local or resident defendant, David Lee Bradford, and that at the intersection of Highway No. 69 with Highway No. 71, in Platte County, Missouri, there was a collision between the automobile in which the plaintiff in each case was riding, and, as stated, operated by the local defendant, David Lee Bradford, and a truck owned by Matthew Leo McKeone and operated by his agent or driver, the defendant, Frederick B. Stone. There is a general averment: " * * * that the defendants so carelessly and negligently operated their respective vehicles at the above stated place and time in question as to cause and permit said large transfer truck, driven and operated by the defend-

ants McKeone and Stone, to run into and violently collide with the automobile in which plaintiff was a passenger, etc."

The plaintiff then charged that: "The injuries to plaintiff were the direct result of the negligent, careless and unskillful acts and omissions of the defendants, in the following particulars, to-wit:"

Each plaintiff then enumerated the acts of negligence causing the collision and the injuries that followed. The specific acts of negligence alleged were those of the defendants McKeone and Stone and not one specific act of negligence was charged against the resident defendant, David Lee Bradford. In effect, he was exculpated of all blame.

It is familiar doctrine that specific acts of negligence supersede general charges of negligence. Sinclair Refining Co. v. Stevens et al., 8 Cir., 123 F.2d 186, loc.cit. 190, 191; Zasemowich v. American Mfg. Co., Mo.Sup., 213 S.W. 799, loc. cit. 802.

While the complaints allege general acts of negligence against all of the defendants, yet, in each case the pleader undertook to specify the negligence causing the collision. Such specifications were undertaken as to all of the defendants and not alone as to the non-resident defendants. Since, under the law, specific averments supersede general averments, the attention of the court must be directed to the specific acts of negligence alleged to determine whether the resident defendant was charged with negligence as concurring with that of the non-resident defendants. Not a single wrongful or negligent act is charged against the local defendant. Upon the complaints as they stand no recovery could be had or allowed against the local defendant. By joining him legal fraud was committed. Thiel v. Southern Pac. Co., 9 Cir., 126 F.2d 710; loc.cit. 712.

No reasonable construction of the complaints would place liability, joint or otherwise, upon the local defendant, David Lee Bradford. The case would not fall, therefore, within the rule announced in Watson v. Chevrolet Motor Co. of St. Louis, 8 Cir., 68 F.2d 686.

It follows that the cases were properly removed and the motion to remand in each case should be overruled. It will be so ordered.