Christine JONG et al., Plaintiffs,

v.

**GENERAL MOTORS CORPORATION**
and Richard Lee DeBates et al.,
Defendants.

No. 72 1430.

United States District Court,
N. D. California.

April 18, 1973.

E. Robert Wallach and David B. Baum, San Francisco, Cal., for plaintiffs.

Kenneth Drexler, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendants.

## MEMORANDUM OF DECISION

**SWEIGERT, District Judge.**

This action for personal injuries was originally brought in the California Superior Court, and was removed to this Court by defendant General Motors on the basis of diversity of citizenship pursuant to 28 U.S.C. Sec. 1441.

Plaintiffs allege, in substance and effect, that they suffered injuries when an automobile driven by defendant DeBates struck the automobile in which plaintiffs were riding. Plaintiffs also join defendant General Motors and several Doe defendants alleging strict products liability, negligence in design and manufacture, and breach of express and implied warranties.

This action currently is before the court on plaintiffs' motion to remand the action to state court.

Plaintiffs first contend that since complete diversity of the parties existed at the time the complaint was filed in May, 1970, defendant's petition to remove, filed two years later in August 1972, was untimely under the provisions of 28 U.S.C. Sec. 1446(b).[1] Defendant responds that the action was not removable at the time it was filed in the state court and that, when complete diversity appeared two years later upon dismissal of defendant DeBates the action was timely removed.

The first question presented is whether the case as stated in the initial pleading was "not removable" within the meaning of Section 1446(b). Defendant asserts that the case stated in the initial pleading was not removable because the complaint did not allege the citizenship of DeBates, and therefore DeBates must be presumed to be a California citizen, citing Molnar v. National Broadcasting Co., 231 F.2d 684 (9th Cir. 1956), and Columbia Digger Co. v. Rector, 215 F.Supp. 618 (W.D.Wash.1914). Defendant however, misreads these cases which deal only with required allegations to invoke federal jurisdiction where a *plaintiff originally brings an action in federal court* and asserts diversity jurisdiction. In the present case, plaintiffs brought the action in *state court* and defendant petitioned to remove. The rule is clear that, where an action is originally brought in state court and the complaint has not alleged the citizenship of a defendant, a defendant seeking removal has the burden of alleging and

---

1. Section 1446(b) states: The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

 *If the case stated by the initial pleading is not removable*, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (emphasis added).

proving the diverse citizenship of all the parties. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Consequently, no presumption existed that DeBates was a California citizen merely because plaintiffs failed to allege his citizenship in the complaint. Therefore, "non-removability" did not appear on the face of the initial pleadings.

Defendant contends that DeBates was *in fact* a citizen of California at the time of filing, that defendant General Motors was a citizen of Michigan, and that plaintiffs were citizens of California, so that complete diversity did not exist in fact until DeBates was dismissed in July, 1972. Defendant relies on the affidavit of Carolyn DeBates, wife of defendant Richard DeBates, which is to the effect that, although they were temporarily in Massachusetts on behalf of an employer to participate in a training program, they did not intend to make Massachusetts their domicile; the affidavit of Richard DeBates is to the effect that prior to leaving for Massachusetts he considered California his home and was, therefore a California citizen.

Plaintiffs, on the other hand, contend that DeBates was domiciled in Massachusetts at the time the initial pleading was filed, and therefore the case was removable on the basis of complete diversity. Plaintiffs also rely on the affidavit of Carolyn DeBates, but construe it as showing that Massachusetts became the DeBates' domicile since they intended to return to California unless the company had other plans for them.

While the record is clear that DeBates took temporary residence in Massachusetts, the record also shows that he had no intent to become a citizen of that state. Although domicile and citizenship are synonymous for diversity purposes, Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758 (1914), mere residence in a state is not enough to show domicile. Mantin v. Broadcast Music, 244 F.2d 204 (9th Cir. 1957). Since DeBates intended to reside elsewhere after his training, then, absent any present intention to reside permanently or indefinitely in Massachusetts, he did not become domiciled in that state. Williamson v. Osenton, supra.

The Richard DeBates affidavit also shows that he was a citizen of California prior to leaving for Massachusetts and, since he never intended to become domiciled in Massachusetts, he never abandoned his California citizenship. Once established, a domicile persists until a new one is acquired or the old one is clearly abandoned. Pioneer Southwestern Stages, Inc. v. Wicker, 50 F.2d 581 (9th Cir. 1931). Therefore, DeBates remained a citizen of California for purposes of diversity jurisdiction at all times and was a citizen of California at the time this action was filed in state court.

Plaintiffs next contend that, even if this action was not removable when originally filed, defendant did not remove within thirty days after the action *became* removable as required by 28 U.S.C. Sec. 1446(b). Plaintiffs submit affidavits showing that defendant did not remove until over eight months after DeBates was dismissed from the action; that defendant had actual knowledge of the dismissal as evidenced by defendant's failure to serve DeBates with answers to interrogatories filed May 24, 1972, and failure to serve DeBates notice of subpoenas to take depositions.[2]

Defendant responds that removal was timely because it was made within thirty days of receipt of a copy of plaintiffs' Request for Dismissal of defendant DeBates. An affidavit of defendant's counsel states that defendant was never served with the notice of that dismissal and did not have receipt until defend-

2. Plaintiffs rely on California Code of Civil Procedure, Sec. 2030(a) which requires that copies of all interrogatories and answers thereto be served on all parties to the action, and also rely on California Code of Civil Procedure, Sec. 2019(a)(1) which requires that notice of taking of depositions be given to every party to the action.

ant's counsel reviewed the file of the Superior Court and first saw that defendant DeBates had been dismissed.[3]

 Under Section 1446(b), where a case is not originally removable, the time for removal begins only after defendant receives a copy of a pleading, motion, or other paper which shows that the action has become removable. Therefore, the time period to remove an action cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on papers presented to it. Bonnell v. Seaboard Airline R. R., 203 F.Supp. 53 (N.D.Fla. 1962); Hamilton v. Hayes Freight Lines, 102 F.Supp. 594 (E.D.Ky.1952); Camden Indus. Co. v. Carpenters Local No. 1688, 246 F.Supp. 252 (D.N.H.1965), aff'd on other grounds, 353 F.2d 178 (1st Cir. 1965). Thus, the defendant does not have to speculate as to facts forming the basis for removal. Since defendant did not have receipt of any paper until July 5, 1972, and filed the petition for removal on August 3, 1972, the removal was timely within the meaning of Section 1446(b).

 Plaintiffs next argue lack of diversity at the time of removal because DeBates was dismissed only as to the cause of action of Elizabeth Jong, and the causes of action between DeBates and the other plaintiffs remained. Section 1441(c), upon which plaintiffs rely, provides that an entire case may be removed to federal court when two or more separate and independent claims are joined and one of them, if sued upon alone, would be removable. Where several plaintiffs join in a personal injuries action because of a common question of law or fact, the claims against the defendant are separate and independent within the meaning of Sec. 1441(c). Herrmann v. Braniff Airways, Inc., 308 F.Supp. 1094 (S.D.N.Y.1969). When DeBates was dismissed in the Elizabeth Jong cause of action, that separate and independent claim immediately became removable because there was complete diversity of citizenship, Strawbridge v. Curtiss, 7 U.S., 3 Cranch 267, 2 L.Ed. 435 (1806), and therefore the entire case became removable.

Finally, plaintiffs urge that complete diversity does not exist now, nor did it ever exist, because the complaint states causes of action against fictitiously named defendants who are potentially California citizens. They contend these Doe defendants are identifiable from the complaint as dealers, distributors, or others involved in the same causes of action alleged against General Motors. Affidavits submitted on behalf of plaintiffs state that it is probable that one or more of these Doe defendants will be identified as California citizens, but that none as yet have been named because of delays of defendant in answering interrogatories and scheduling the taking of depositions.

Defendant replies that the joinder of the fictitious defendants is a sham that should be disregarded for diversity purposes; that plaintiffs had no particular defendants in mind from whom they were seeking judgment; that a delay of over two years in naming defendants is inexcusable; and that the delay is evidence of lack of plaintiffs' ability to in fact identify the Doe defendants.

 Although plaintiffs assert that attempts have been made to identify the Doe defendants, and that General Motors' procrastination in aiding discovery resulted in plaintiffs' inability to amend the complaint, plaintiffs could have, and perhaps should have, moved the court to compel discovery. Not having done so, plaintiffs cannot now be heard to complain for the sole purpose of preventing this court's jurisdiction. The determination whether diversity exists between the plaintiffs and the defendants for removal purposes must be made on the record as it stands at the time the removal petition is filed. Southern Pacific Co. v. Haight, 126 F.2d 900 (9th Cir. 1942).

---

3. Plaintiffs admit in their memorandum that they did not send defendant a copy of the Request for Dismissal form.

In the recent cases of Medel v. General Electric Co., No. C 71–1939 (May 12, 1972), and Minnie Ellis v. Allstate Insurance Company, No. C 72–842 (Aug. 31, 1972), this court held that Doe defendants should be disregarded in determining diversity of citizenship where the charging allegations of the complaint are directed at all the defendants jointly, with no attempt to designate the specific role or identity of any of the Doe defendants. Grigg v. Southern Pacific Company, 246 F.2d 613 (9th Cir. 1957); Scurlock v. American President Lines, 162 F.Supp. 78 (N.D.Cal.1958).

Plaintiffs herein alleged identical counts of negligence and products liability toward each Doe defendant and defendant General Motors. In the *Medel* case, the allegations in the complaint were virtually the same as plaintiffs' allegations in the present action. This court concludes, as it did in *Medel*, that there was no attempt to designate the role or identity of the Doe defendants and they, therefore, should be disregarded in determining whether diversity of citizenship exists in this action.

For the foregoing reasons, it is the order of this court that plaintiffs' motion to remand this action to state court should be, and the same is hereby, denied.