Lawrence **HOLLOWAY**, Plaintiff,

v.

**PACIFIC INDEMNITY COMPANY, INC. and John Doe, Defendants.**

No. 76–71556.

United States District Court, E. D. Michigan, S. D.

Nov. 16, 1976.

Duane S. VanBenschoten, VanBenschoten & VanBenschoten, Saginaw, Mich., for plaintiff.

D. J. Watters, John P. Jacobs, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for defendants.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

CORNELIA G. KENNEDY, District Judge.

Plaintiff, an osteopathic physician, filed this action in the Circuit Court for the County of Wayne, State of Michigan, to recover damages allegedly stemming from his liability insurer's action in settling a malpractice claim against him without his approval. In addition to the insurance company, plaintiff named as a defendant one John Doe, "an agent or factor of the said Defendant Corporation", who was alleged to be a resident of Wayne County, Michigan, and whose "true identity is well known, although his name is unknown." On July 28, 1976 defendant Pacific Indemnity Company, Inc. filed a timely petition for removal to this Court, contending that the said John Doe "is a patently fictitious person who is named in the Complaint . . . solely to destroy diversity of citizenship." Plaintiff promptly filed a motion to remand, which is now before the Court for decision.

Initially, it must be noted that the plaintiff's citizenship has not been clearly alleged, the complaint stating only that he is an osteopathic physician practicing in the State of Michigan. However, the petition for removal alleges "That it appears from the Complaint" that plaintiff is a Michigan resident, and it is clear from plaintiff's brief that he regards himself as a Michigan citizen. Defendant corporation is allegedly incorporated in California, and has its principal place of business there.

Whether defendant has the right to remove this case must be determined from the allegations in the complaint at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), *Thiel v. Southern Pacific Co.*, 126 F.2d 710 (9th Cir. 1942). Hence, the Court must disregard the assertions of plaintiff's brief that the Doe defendant in this case "actually made the alleged agreements with the plaintiff and caused the plaintiff to execute a written release which was subsequently rescinded."[1] The complaint described John

---

1. But cf. *Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal., 1973). In *Heatherton* plaintiff filed suit in a California state court against a publishing company and twenty Does for damages resulting from the unauthorized publication of a half-nude picture of her. Two months later the publisher removed the case to federal district court, and plaintiff moved to remand. Ten days thereafter plaintiff also moved to amend her complaint by substituting for one of the Doe defendants a named California corporation alleged to have participated in the distribution of the magazine. The district court—contrary to the clear holding of the Ninth Circuit in *Thiel*—decided first the issue of the plaintiff's right to amend. Based on affidavits, the court determined that plaintiff had not been aware of the California corporation prior to the removal, and that this corporation was one of the Doe defendants charged in the complaint with "distributing" the unauthorized picture. The motion to amend was granted, compelling the grant of the motion to remand. This opinion appears to contradict the rule of *Pullman*

Doe as an agent or factor of defendant Pacific Indemnity Company, Inc. In the charging paragraphs plaintiff alleges only that a malpractice claim against him was settled by "the said defendants, or either of them," despite the fact that they knew plaintiff did not want the case settled, and despite the fact that the contract of insurance gave plaintiff the right to refuse to settle.

In support of his motion to remand, plaintiff relies exclusively on *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). This is the only decision in which the United States Supreme Court has spoken on the issue of John Doe defendants and diversity jurisdiction. In *Pullman*, the plaintiff had filed suit in a California state court against the Pullman Company and several of its agents, identified only as "Does." One of the Does was a gate tender who was alleged to have negligently permitted a co-defendant to board a train while drunk and disorderly; the other Doe was a Pullman porter whose alleged negligence permitted the same intoxicated co-defendant to enter a Pullman sleeper where he struck the plaintiff. The Pullman Company removed the case to a federal court on the ground of diversity of citizenship. The Does—whose citizenship had not been alleged—had not been served with process. The Supreme Court held that removal was improper, stating:

> . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.

305 U.S. at 541, 59 S.Ct. at 350.

■ Plaintiff urges that remand is required whenever a Doe defendant is alleged to be a resident of the forum. The rule of *Pullman* is not as clear and all-encompassing as plaintiff contends, however. Indeed, to read that case as broadly as plaintiff urges would permit litigants to destroy the federal courts' removal jurisdiction by merely naming a sham co-defendant alleged

to reside in the forum state. The *Pullman* court expressly noted that "It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith . . . ." 305 U.S. at 541, 59 S.Ct. at 350. Thus, "John Doe" defendants may be disregarded in determining the propriety of removal if they are merely nominal parties or sham parties against whom no real relief is sought. See 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3723, p. 608 at note 48, and cases cited.

Almost all of the cases discussing the John Doe aspect of *Pullman* are decisions of United States District Courts in California, or the Court of Appeals for the Ninth Circuit. Beginning with *Thiel v. Southern Pacific Co., supra*, decided three years after *Pullman*, these courts have defined the limitations of the *Pullman* holding and disregarded John Doe defendants under a variety of circumstances and allegations. The facts in *Thiel* were quite similar to those in *Pullman*, except that in *Thiel* the plaintiff's injuries were self-inflicted, resulting from his action in leaping out of a window of a moving train—an action which it was alleged defendants should have guarded against, since they were warned in advance of plaintiff's intoxicated and highly depressed mental state. The defendants were the railroad company and three Does. Although the complaint alleged negligence by defendants, plural, in failing to take adequate precautions, and referred to acts of carelessness by a conductor and other agents of the company, there was no explicit claim that the Does were those agents. The Ninth Circuit observed that the allegation of careless conduct by defendants was a mere conclusion insofar as the Does were concerned. It, therefore, held that no cause of action had been stated against them and that the district court had properly ignored them in denying a motion to remand the case to the state court in which it had originally been filed. The court referred to

and *Thiel* that the propriety of removal must be determined at the time the petition for removal is filed, and that subsequent events cannot divest the court of jurisdiction properly invoked at that time.

*Pullman* in connection with another issue (i. e., whether a "Doe" defendant may be disregarded must be decided on the record at the time of removal), and yet did not regard *Pullman* as compelling a remand.

*Thiel* was followed by *Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir., 1942). Plaintiff Haight had filed suit in a California state court against a Kentucky-based railroad and two fictitiously-named employees of the railroad alleged to be California residents. Plaintiff's injuries allegedly resulted from the negligence of the company in equipping and operating a railroad crossing and the negligence of the employees in failing to give a warning or signal of the train's presence. The fictitiously-named employees were not served. On the day of trial, plaintiff announced she was ready to proceed, and the railroad immediately petitioned to remove the case to federal district court, claiming that plaintiff's willingness to try the case without the resident defendants was equivalent to a voluntary dismissal as to them. The state court denied the petition and allowed plaintiff to withdraw her election to proceed with trial. [Removal procedure at that time differed from the present procedure; see *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 620 at note 15 (9th Cir., 1957)]. Plaintiff served one Charles Poley the next day under the fictitious name, and he filed an appearance ten days later. Thereafter, the railroad served notice that the case had been removed to federal court. Plaintiff's subsequent motion to remand was denied.

On appeal, the Ninth Circuit first considered the propriety of the removal and disregarded entirely the service of process on Poley:

> [W]e must look at the situation as it existed at the time the petition for removal was presented in the State Court. . . . Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes . . in parties . . . .

126 F.2d at 903. The panel then decided that, by announcing ready to proceed in the absence of the resident defendants, plaintiff had abandoned her case against them, making the action properly removable. In response to plaintiff's claim that the case should have been removed before defendant answered, if at all, the court noted that prior to trial the case was not removable, citing *Pullman.*

In thus holding that the fictitiously-named defendants could not have been disregarded for removal purposes until plaintiff announced ready for trial, the *Haight* opinion merely restated *Pullman.* Unfortunately, the *Haight* opinion does not discuss the specific allegations regarding the Doe defendants. Certainly *Haight* does not dictate the result of later cases holding that certain Doe defendants should be ignored *ab initio.* *Haight* is not necessarily inconsistent with those cases, however, since the factual allegations of negligence in that case may have been more specific than mere reference to plural defendants, as in the later cases.

The more recent district court cases have to a large extent been based upon *Grigg v. Southern Pacific Co.*, 246 F.2d 613 (9th Cir., 1957). In that case plaintiff, who was injured when his car struck a mule on a freeway, filed suit in a California state court against the owner of the mule, the railroad which had delivered the mule to a corral near the freeway, and six Does. The complaint alleged only that "defendants, and each of them" had custody of the mule and negligently allowed it to stray onto the freeway. Shortly before the case was called for trial in the state court, plaintiff dismissed his case against the owner (a California resident); the railroad thereupon removed the case to federal district court over the objection of the plaintiff that the presence of the Doe defendants destroyed diversity. The Ninth Circuit held that the Does could be disregarded:

> It is fair to say, as of filing, the Does were wholly fictitious. . . . Nothing is charged in the original complaint involving the participation of the Does. . . . We suggest not that Grigg deceived or attempted to deceive. But le-

gally his Does were a sham. He never attempted to identify or charge a Doe until he found he was in trouble—his case was going to a court where he preferred not to go.

246 F.2d at 619–620.

Summarizing the line of cases decided by the Ninth Circuit and the federal district courts in California, the District Court for the Northern District of California stated:

(W)hether or not the joinder of the resident "Doe" will destroy diversity, depends on the degree of specificity with which the complaint charges the "Doe" with actionable conduct . . . the court should only consider those parties against whom the plaintiff genuinely wishes to proceed, and . . . a good test of this intent is an examination of the complaint at the time the petition for removal is filed. . . . If an examination of the allegations in the complaint reveals them to be so general that they give no clue as to whom they could pertain, then the parties sought to be joined under these allegations should be disregarded for the purposes of determining diversity jurisdiction.

*Asher v. Pacific Power & Light Co.*, 249 F.Supp. 671, 676 (N.D.Cal., 1965). *Asher* was a claim for damages resulting from floods allegedly caused in part by defendant Pacific Power & Light's public improvements along a river bed. The allegations of the complaint as to the Doe defendants were very general and could have applied to any employee of the corporate defendant. The inclusion of the plural "defendants" was the only reference to the Does in the charging portions of the complaint. Considering the nature of the claims made, the court in *Asher* concluded as in *Thiel, supra,* that the complaint revealed only one party against whom plaintiffs genuinely sought judgment; the Doe defendants were disregarded and remand denied.

*Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal., 1973), another case from the Northern District of California, arose out of an automobile accident. Plaintiffs sued the driver of the other car involved, the manufacturer of one of the cars, and several Does. Two years after the case was filed in state court, the case against the driver (a California resident) was dismissed and the manufacturer immediately removed the case to federal court. Plaintiffs moved to remand, urging that the Does were "identifiable from the complaint as dealers, distributors or others involved in the same causes of action alleged against General Motors." 359 F.Supp. at 226. District Judge Sweigert apparently accepted this contention, but denied the motion to remand holding that:

Doe defendants should be disregarded in determining diversity of citizenship where the charging allegations of the complaint are directed at all the defendants jointly, with no attempt to designate the specific role or identity of any of the Doe defendants.

359 F.Supp. at 227, citing *Grigg, supra,* and *Scurlock v. American President Lines,* 162 F.Supp. 78 (N.D.Cal., 1958). (*Scurlock* is not inconsistent with this holding, but the facts set forth in that opinion are insufficient to support the rule stated in *Jong*).

Careful consideration of the allegations regarding the Doe defendants in these cases fails to demonstrate a standard or guide to be applied in determining what allegation is sufficient. In *Thiel* there were allegations regarding negligent acts of certain of defendant's employees and an allegation that the Does were defendant's employees. Although there was no express allegation that the Does were the same employees that would seem to be the reasonable inference to be drawn. Under modern notice pleading standards the allegations would seem to be sufficient to withstand a motion to dismiss. (However, the pleadings are not set out in the opinion and the Ninth Circuit's statement that the "allegation of careless conduct by defendants was a mere conclusion insofar as the Does were concerned," must, therefore, be accepted). In *Haight*, plaintiff's own conduct in stating he was ready to proceed to trial in the state court without the Doe defendants was the equivalent of dismissing them. The case does

not rest upon the allegations of the complaint for if it did—and the allegations were insufficient—the removal at the time of trial would surely have been tardy. In *Grigg*, there was no allegation of any conduct by any individual Doe or any individual person. *Asher* is similar to the instant case, a single, general allegation of negligence by the named defendant and multiple Does [the instant case names a single Doe] with no conduct of any Doe employee singled out. Finally, *Jong* goes further, and although conceding that the Does were identified from the complaint as dealers or distributors, held that they should be disregarded since there was "no attempt to designate the specific role or identity of any of the Doe defendants."

Although it might be urged that it is more likely a plaintiff intends to proceed against a single Doe than that he will proceed against 10 or 20 Does against whom he alleges nothing specific, this Court's decision is not based on such a fragile distinction.

As the *Asher* opinion itself notes, the rule that general allegations against all defendants are insufficient as to Doe defendants conflicts with the modern practice of notice pleading. 249 F.Supp. at 675, 675. Under the *Asher-Jong* rule, a plaintiff whose complaint is adequate to charge an offense against a resident Doe defendant under Michigan rules of pleading could nevertheless find his case removed to federal court; moreover, he would not be permitted to amend the complaint to allege a claim against the Doe defendant more specifically, as this would eliminate federal jurisdiction. See 14 Wright, Miller & Cooper, *Federal* Practice & Procedure § 3721 at note 73 and § 3738 at note 10, and cases cited therein. The end result might be to deprive plaintiffs of the legitimate uses of the John Doe procedure, such as avoiding the bar of the statute of limitations, see *Goniwicha v. Harkai*, 393 Mich. 255, 224 N.W.2d 284 (1974), or discovery of the identity of the Doe from the identified defendants under court rules. While defendant Pacific Indemnity Company, Inc. has urged that the

filing of a John Doe complaint has no legal effect in Michigan, citing *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023 (6th Cir., 1968), neither that case nor any Michigan case law prohibits the naming of a Doe defendant. Although the uncommon naming of Doe defendants is not a rare procedure in Michigan.

Moreover, under the *Asher-Jong* rule, a non-resident defendant who waited to see whether the plaintiff actually intended to proceed against an unserved resident Doe defendant would be barred from ever seeking removal, since the 30-day period during which removal is permitted by 28 U.S.C. § 1446(b) would commence with service of a complaint stating no separate charges against the Doe defendants. Federal courts are already overburdened with diversity cases; a rule which would force non-resident defendants to remove actions precipitately would add to this burden unnecessarily.

■ This Court declines to follow the rule of *Asher* and *Jong* that an unserved resident Doe defendant may be ignored on removal if the allegations of the complaint are directed at all defendants jointly without elaboration as to the particular role of any one defendant. As long as a proper cause of action is stated against a resident Doe defendant, the case should not be removed until the plaintiff dismisses the action against that defendant, or actually commences the trial without having served him, as in *Haight*. In most states, including Michigan, modern discovery and pre-trial procedures will permit a defendant to ferret out sham Doe defendants and secure their dismissal at early stages of the proceedings; nevertheless, in the instant case defendant Pacific Indemnity Company, Inc. has produced no evidence to support its claim that the Doe defendant is a sham. In the absence of evidence that a Doe defendant is not a real entity, the entry of voluntary dismissal or the plaintiff's manifest willingness to proceed to trial without an unserved Doe, fixes the time at which removal must be sought; of course, if a complaint utterly fails to state a claim against a

Doe defendant he must be disregarded entirely. Such a rule does not encourage plaintiffs to name wholly imaginary Does as defendants, since removal of the action just prior to trial would be, if anything, more burdensome to plaintiffs than would be removal immediately after service of process. For the same reason, this rule is unlikely to cause disruption of state courts' trial schedules by last-minute removal petitions; plaintiffs have nothing to gain by retaining an action against an unserved Doe defendant until the day of trial, at which point the non-resident defendant would have a powerful procedural option to either remove or proceed with trial.

Accordingly, plaintiff's motion to remand IS GRANTED and an order will be entered remanding this action to the Circuit Court for the County of Wayne, State of Michigan.