Robert W. FELLER, Plaintiff,

v.

NATIONAL ENQUIRER, Defendant.

No. C82–2175.

United States District Court,
N.D. Ohio, E.D.

Dec. 15, 1982.

On Motion for Reconsideration
Jan. 19, 1983.

Michael T. Gavin, Eli Manos, Mansour, Gavin, Gerlack & Manos, Ford L. Noble, Cleveland, Ohio, for plaintiff.

John G. Kester, Michael S. Sundermeyer & Steven G. Kuney, Williams & Connolly, Washington, D.C., George F. Gore, Michael Zellers, Arter & Hadden, Cleveland, Ohio, for defendant.

### ORDER

BATTISTI, Chief Judge.

### I. FACTS

Defendant has, for the second time, petitioned for removal of this action to this Court from the Court of Common Pleas for Cuyahoga County. Plaintiff has, for the second time, filed a motion to remand. Because this action was removable from the outset, and because events subsequent to the first removal and remand have not significantly changed the character of this litigation so as to warrant removal, plaintiff's second motion to remand is granted.

Plaintiff originally filed this action for defamation against the National Enquirer and "John Doe," a Cleveland sportswriter, in the Court of Common Pleas on March 20, 1981. *See Feller v. National Enquirer, Inc.*, No. C81–1510, slip op. at 1–2 (N.D.Ohio, memorandum opinion and order filed Dec. 29, 1981) (background of the case). On July 27, 1981, defendant filed a petition to remove the case to this Court pursuant to 28 U.S.C. § 1441 (1976). Plaintiff filed a motion to remand the case to the Court of Common Pleas, which this Court granted on the ground that the petition had not been filed in a timely manner, as required by 28 U.S.C. § 1446(b) (1976). *Id.* at 2.

In its first petition for removal, defendant argued that the original action filed in Common Pleas against it and the John Doe defendant was removable on the ground of diversity of citizenship because the Doe defendant, allegedly a Cleveland sportswriter, had been improperly joined under the Ohio rules of procedure. Plaintiff, in his motion to remand, argued first that the National Enquirer had failed to file its petition in a timely manner, and second, that the Doe defendant was a real party in interest and, therefore, could not be disregarded for purposes of determining removability. Defendant replied that plaintiff was estopped from arguing that the petition for removal was untimely because of the confusion created by the improper joining of the Doe defendant.

The Court specifically rejected this estoppel argument, and found the petition to have been filed in an untimely manner. *Feller v. National Enquirer, Inc.*, slip op. at 4. The Court did not decide whether the case in fact was removable on diversity grounds; rather, it found that "the removability of this action was reasonably ascertainable from the complaint the plaintiff filed." *Id.* at 5.

After remand to Common Pleas, plaintiff obtained through discovery the probable identity of John Doe. On July 26, 1982, defendant National Enquirer moved the Court to strike the Doe defendant. Then, on August 2, 1982, plaintiff himself moved to dismiss the Doe defendant. There is some confusion as to the action taken by the Common Pleas court on these two motions. Each party claims that the other's motion was granted. Both are correct. Plaintiff's motion was granted on August 9, 1982, and defendant's motion was granted on August 25, 1982.

In any event, it is clear that John Doe was no longer a party to this action as of August 25, 1982, the date the National Enquirer filed its second petition for removal. That petition is also based on diversity of

citizenship, this time arising from the dismissal of the Doe defendant. It was filed pursuant to 28 U.S.C. § 1446(b) (1976), which provides:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff, in his second motion to remand, never mentions his own voluntary dismissal of John Doe. Instead, he notes that defendant's motion to strike was granted, and then, briefly and without much explanation, makes the rather astounding concession that "John Doe never was a party to this action." Motion to Remand at 3. By taking this position, plaintiff now appears to be arguing, albeit implicitly, that the case initially was removable on the ground of diversity, and that because defendant's first petition based on diversity was untimely, its second petition based on the same ground "certainly cannot be timely a year later." *Id.* In response, defendant cites a substantial amount of case law to the effect that a plaintiff's voluntary dismissal of a Doe defendant, resulting in complete diversity, makes a case removable even though it may not have been removable initially. Response to Motion to Remand at 4–8. However, defendant never addresses the fact that it had previously maintained that the action was removable from the outset. If the case were initially removable, the applicability of the case law cited and the second paragraph of the removal statute, § 1446(b) would be called into question.

## II. DISCUSSION

Defendant's brief adequately summarizes the law with respect to a defendant's removal of a case after the plaintiff's voluntary dismissal of a Doe defendant, so there is no need for the Court to review the law on that point here. Defendant apparently maintains that the instant action falls neatly within that body of law, but that is not the case. Many of the decisions cited by defendant did not involve a previous removal and remand, and none of them involved a previous order which remanded a case to state court on timeliness grounds without a dispositive finding on the substantive ground asserted for removal. Moreover, none of these cases involved the added complication present here, namely, the confusion over whether the right of removal existed at the time this action was first filed. These distinctions are key to the resolution of the instant controversy.

In its first order of remand, the Court did not determine whether the case had been removable from the outset, but it did specifically find that its removability was "reasonably ascertainable" from the initial pleading. *Feller v. National Enquirer, Inc.,* slip op. at 5. This means simply that, notwithstanding its claims of confusion because of the joinder of the Doe defendant, the National Enquirer *could have* raised its procedural argument in a timely removal petition. The information defendant needed to glean from the complaint in order to make its argument of improper joinder under the Ohio rules of procedure was that plaintiff was suing a John Doe defendant. That information was clear from the face of the complaint, and, as the Court noted in its order, there was no reason why defendant could not have raised the point in a timely removal petition.

The "reasonably ascertainable" language was sufficient to dispose of defendant's first removal petition as untimely. But the Court's first order is not necessarily dispositive of defendant's second petition. By adding the second paragraph of § 1446(b), Congress "intended that a party be permitted successive removals." *O'Bryan v. Chandler,* 356 F.Supp. 714, 717 (W.D.Okla.1973), *aff'd,* 496 F.2d 403 (10th Cir.), *cert. denied,* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974). The fact that a case was initially removed and remanded does not in and of itself preclude removal a second time around. As the Supreme Court stated in an early case:

[I]t is not open to controversy that if after an order to remand has been made it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and *a right to do so because of the changed aspect is not controlled by the previous order remanding the cause.*

*Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 372, 29 S.Ct. 366, 369, 53 L.Ed. 551 (1909) (emphasis added). Professor Moore further explains:

The remand order is, therefore, conclusive only as to matters that were adjudged or could have been presented at that time as a basis for removal. And when subsequent developments make the case removable, since these were not concluded by the prior remand order, a timely second petition for removal may be made.

1A, *Moore's Federal Practice,* ¶ 0.169[3] (2d ed. 1982).

After the dismissal of John Doe there was complete diversity in this case. Diversity of citizenship is, of course, an appropriate basis for federal removal jurisdiction. But the inquiry does not end there. The removal statute, by its terms, applies when the case stated by the initial pleading was not removable. That issue was left unresolved by this Court in its remand order. Since the time of the remand, both parties apparently have reversed themselves on this question. Consequently, the court now finds it necessary to resolve this matter in order to determine whether the case may be removed pursuant to § 1446(b).

In his first motion to remand, plaintiff asserted that it was seeking real relief against the Doe defendant, and that, therefore, complete diversity did not then exist.

He also "vigorously denied" that John Doe had been improperly joined under the Ohio rules of procedure. The National Enquirer, on the other hand, argued with equal vigor that diversity of citizenship did exist by virtue of the fact that John Doe was not a proper party.

Now, plaintiff seems to have conceded that the Doe defendant had been joined in contravention of the requirements of Ohio Civil Rule 15(D), which mandates that a Doe defendant be personally served with a summons. One would think that, as a result of this concession, the parties would now be in agreement on the initial removability of this action. Unfortunately, these waters are still muddied. Without expressly abandoning its procedural argument, defendant has raised an issue which nevertheless suggests that it, too, has changed its position concerning the initial removability of this case. Defendant now claims that where a fictitious defendant is pleaded, the named defendant may be entitled to rely on the plaintiff's statements that it seriously intends to proceed against that fictitious defendant, and delay removing the action until the plaintiff abandons its intent to so proceed. Response to Motion to Remand at 5–8. In other words, diversity was destroyed by the presence of the Doe defendant in this case, whom plaintiff asserted was a real, not sham, defendant, and it was not until John Doe was dismissed that defendant was required to remove.[1]

Service was never made upon the Doe defendant in this case. The Ohio rule of procedure on which the National Enquirer originally relied in its first removal petition specifically requires that, as to Doe defendants, "the summons must contain the words 'name unknown' and a copy thereof must be served personally upon the defendant." Ohio R.Civ.P. 15(D). In addition, 28 U.S.C.

---

**1.** It is ironic that both parties have presented arguments to this Court that seem diametrically opposed to their initial positions on this issue, at a time when it conveniently suits their respective interests to do so. Of course, a change in strategy may be necessitated by a change in circumstances. What the Court finds disturbing here is that plaintiff, for his part, has not even attempted to justify his about-face, and defendant, for its part, has made no effort to explain why the state law issue is no longer of any moment. At best, this is an example of incomplete briefing. At worst, such conduct could lead one to speculate on questions of bad faith.

§ 1441(b) (1976), the general federal removal statute, states that "Any [civil action not based on a federal question] shall be removable only if none of the parties *properly joined and served* as defendants is a citizen of the State in which such action is brought" (emphasis added).

While these laws would seem to require that the Doe defendant in this case be disregarded in determining diversity on removal, numerous federal courts have held that non-service of Doe defendants is not a sufficient reason, standing alone, to disregard them for purposes of determining diversity. *E.g., Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) (decided prior to present language in § 1441(b)); *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1160 (8th Cir.1981); *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 77–79 (9th Cir.1979); *Southern Pacific Co. v. Haight,* 126 F.2d 900, 905 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942) (decided prior to present language in § 1441(b)); *Holloway v. Pacific Indemnity Co.,* 422 F.Supp. 1036, 1041 (E.D. Mich.1976). *See also* 1A *Moore's Federal Practice* ¶ 0.161[2] (2d ed. 1982).

■ Doe defendants may be disregarded if they are fraudulently joined, or if they are merely sham or nominal parties. *Pullman Co. v. Jenkins,* 305 U.S. at 541, 59 S.Ct. at 350; *Pecherski v. General Motors Co.,* 636 F.2d at 1161. Further, the Ninth Circuit has ruled that a resident Doe defendant may be disregarded if the allegations in the complaint are so generally worded that "they give no clue as to whom they could pertain," *Asher v. Pacific Power & Light Co.,* 249 F.Supp. 671, 676 (N.D.Cal.1965), or if the plaintiff never attempts to identify or charge a Doe defendant with actionable conduct. *Grigg v. Southern Pacific Co.,* 246 F.2d 613, 620 (9th Cir.1957). This case does

not appear to fall within these categories. Defendant has never attempted to prove that John Doe was a sham. Plaintiff's allegations against the Doe defendant were by no means extensive, but he did identify him as "a Cleveland sportswriter who furnished certain false and defamatory information to Defendant National Enquirer," which information became part of the allegedly libelous article. Plaintiff did engage in discovery to learn the real name of John Doe. Finally, in his motion to remand, plaintiff did assert that John Doe was a true defendant.

At first glance, these decisions are highly persuasive. But the Court could adopt their reasoning only if it were to disregard the impact of the Ohio rule of procedure on the original pleading in this case. The Court was unable to find any controlling precedent from the Sixth Circuit to aid in resolving this particular conflict.[2]

■ It is axiomatic that questions regarding the removal statute are a federal matter, and that federal law, not state law, governs the circumstances in which a case may be removed to federal court. As the Supreme Court stated in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941):

... the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.

Moreover, once a case is removed to federal court, it "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir.1963). The joining of Doe defendants is normally disfavored in federal courts, 7 Wright & Miller, *Federal Practice and Procedure* § 1659

2. In *Pack v. Rich Terminal Co.,* 502 F.Supp. 58 (S.D.Ohio 1980), a district court in the Southern District of Ohio cited the *Holloway* case, *supra,* for the proposition that the presence of a Doe defendant made removal improper "until such time as the plaintiff would dismiss the action against that [Doe] defendant or commence trial without having served it." *Id.* at

59. The court's remarks, however, appear to be dicta, as it rested its decision primarily on language contained in 28 U.S.C. § 1441(b). Moreover, the status of the Doe defendant was not raised by the plaintiff in her motion to remand, and it is not apparent from the opinion that Ohio Civil Rule 15(D) was an issue on removal of the case.

(1972), but several courts have allowed it so long as plaintiff sufficiently alleges that the Doe defendant is an actual defendant from whom real relief is sought. The cases already noted demonstrate that Doe defendants may be acceptable in federal court if pleaded in this manner.

On the other hand, there are other examples of cases in which federal courts on removal have looked to state law in determining the propriety of joining allegations against Doe defendants. For instance, federal courts have examined state law in determining whether a Doe defendant was fraudulently joined, *see, e.g. Baggett v. Alto Corporation,* 459 F.Supp. 989, 991 (N.D.Ala.1978); 1A *Moore's Federal Practice* ¶ 0.161[2] (2d ed. 1982), or otherwise properly pleaded. *See, e.g., Holloway v. Pacific Indemnity Co., Inc.,* 422 F.Supp. 1036, 1041 (E.D.Mich.1976). Thus, in some removal cases, state law may be relevant in determining diversity. It is important to note that in the decisions just cited, the courts found that state law did not prohibit the pleading of the John Doe defendants on the facts of those particular cases. But they also accepted the standard that has developed from the *Pullman* and *Haight* line of cases to the effect that non-service of a Doe defendant is not, standing alone, a sufficient reason to disregard that defendant on removal.

This case presents a situation slightly different from those found in other removal actions. Ohio Civil Rule 15(D) has been strictly interpreted to be a bar to the pleading of John Doe defendants under certain circumstances.

> ... [T]he action must be brought against some person identified otherwise than by name, who can and must be personally served, despite the fact that his name is presently unknown. *Unless the action is against some such person, it has not been brought against anyone, and is therefore not actually begun at all.*

*Vocke v. City of Dayton,* 36 Ohio App.2d 139, 303 N.E.2d 892, 896 (O.App.1973) (emphasis added).

If the court were now ruling on the first motion to remand, and if that motion had been timely filed, the Court would be compelled to find that this case was removable from the outset because the joinder of the Doe defendant was invalid. The action initially brought before this Court on removal was nominally against both the National Enquirer and John Doe, but under state law, the single allegation made against John Doe was invalid *ab initio* by virtue of the fact that the Doe defendant, who could not be and was not served, was not properly joined. Since there was no Doe defendant in the case as it came to this Court from state court, diversity of citizenship existed and the action was removable.

However, merely finding that this case was removable at the outset would not be sufficient to resolve this controversy. A further question to be addressed is whether plaintiff's voluntary dismissal of the Doe defendant is a sufficient, independent basis for removal at this time, despite the fact that the action was initially removable. Put another way, has the dismissal of John Doe so changed the posture of this action as to make it a substantially new case, thus permitting its removal? *See Adams v. Western Steel Buildings, Inc.,* 296 F.Supp. 759, 761–762 (D.Colo.1969).

This action has not proceeded beyond a limited amount of discovery and the filing of a motion for summary judgment by defendant and of the reply papers. The motion apparently was filed after the dismissal of John Doe. Neither defendant's position on the motion, nor plaintiff's, hinges in any way upon John Doe being a party to this action. On the contrary, defendant's position had always been that the joinder of the Doe defendant was improper. The Doe defendant did not figure prominently in the complaint, and plaintiff, after discovering the probable identity of John Doe, took no significant action to reaffirm its previous position that John Doe was a proper defendant in this case. It follows, then, that the removal of John Doe does not so change the posture of this action as to make it a substantially new case, and therefore, can-

not serve as a basis for removal at this stage of the action.

The Court wishes to emphasize that it is not resting its decision today upon its initial remand order. It recognizes that that order is not conclusive of defendant's second petition for removal. The Court here determines only that diversity of citizenship existed at the outset of this case, and that the later dismissal of John Doe did not make it "more removable" or "again removable." *See Lassiter v. State Farm Mutual Automobile Insurance Company,* 371 F.Supp. 1221, 1224 (E.D.Ark.1974). Neither is the Court relying upon plaintiff's latest statement that the Doe defendant never was a party to this action. In determining initial removability, a federal court must look to the allegations in the complaint, and cannot rely on a party's subsequent conduct.

Defendant suffers no great prejudice by virtue of the result here. First, it will still have its day in court. Second, its own position had been that diversity of citizenship existed at the outset of this litigation, any remarks in its latest brief to the contrary notwithstanding. Thus, it can hardly complain at this point of the Court's decision that § 1446(b) does not apply because the case was initially removable. And third, even if the Court had ruled upon removability in its first remand order, defendant would still have been barred from federal court on timeliness grounds.

On balance, the Court finds that the factors militating against federal removal jurisdiction in this case outweigh those militating in favor of such jurisdiction. Diversity of citizenship existed at the time plaintiff filed his complaint in state court, but it is too late for defendant to take advantage of this. It lost its right to remove when it filed an untimely petition. The subsequent dismissal of John Doe did not substantially change the original posture of this action, inasmuch as it is clear from the parties' own conduct that the primary defendant in this case is the National Enquirer.

Therefore, plaintiff's motion is granted, and this action is hereby remanded to the Court of Common Pleas for Cuyahoga County.

IT IS SO ORDERED.

On Motion for Reconsideration

Defendant National Enquirer has applied to this Court for reconsideration of its order of December 15, 1982 remanding this action to the Common Pleas Court of Cuyahoga County. For the following reasons, the Court finds that the arguments for reconsideration are not well taken.

■ 1. Defendant contends that statements made by plaintiff in connection with its original motion to remand estop plaintiff from claiming that the second removal attempt is not timely. Defendant cites no authority for this argument, and the Court is of the opinion that statements made by plaintiff are not dispositive of the legal issues raised on the second motion to remand.

■ 2. Next, defendant argues that plaintiff has waived any timeliness objection by virtue of (a) his filing of a motion to quash a deposition subpoena, which this Court granted, and (b) his filing of a memorandum responding to defendant's motion for summary judgment. The defendant claims these actions constitute a submission to the jurisdiction of the federal court and thus a waiver of any timeliness objection.

Regarding the motion to quash, the Court finds that this does not constitute "seeking affirmative relief or litigating issues in the federal forum." The motion to quash merely sought to reaffirm an order of the state court judge issued prior to removal. This Court's order simply asserted that the state court's order "remain[ed] in full force and effect." No additional action was taken. Though plaintiff's motion may have amounted to affirmative conduct, it did not constitute a waiver or consent. *Cf. Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968) (action by plaintiff to preserve attachment already effectuated in state court proceeding, pending federal court's disposition of motion to remand, did not constitute waiver or consent).

Plaintiff's filing of a brief in response to defendant's motion for summary judgment presents a more difficult problem. Judge Mansfield stated in *Maybruck v. Haim,* 290 F.Supp. at 723–724, that to constitute a waiver or consent to federal jurisdiction, "there must be affirmative conduct or *unequivocal assent* of a sort which would render it offensive to fundamental principles of fairness to remand." (Emphasis added). While plaintiff's "election" to file the responsive brief may have been an unnecessary affirmative act, the Court is of the opinion that, under the circumstances, it does not rise to the level of a waiver or consent to federal jurisdiction.

Although plaintiff may have "elected" to file the brief, his action can hardly be deemed "unequivocal assent" to the jurisdiction of this court. Plaintiff's second motion to remand had been pending for some time prior to the filing of the responsive brief. At no time did plaintiff indicate he was withdrawing his motion to remand. Indeed, in the same statement in which he notified the Court of his intention to respond to the motion for summary judgment, he indicated that he was still awaiting disposition of the motion to remand. Given that the motion to remand was still outstanding at the time the responsive brief was filed, it cannot fairly be said that plaintiff's action is affirmative conduct of "the sort which would render it offensive to fundamental principles of fairness to remand".

Moreover, the act of filing a responsive brief cannot be equated with unsuccessfully litigating a substantial issue or filing an amended complaint seeking further or different relief, both of which were cited by Judge Mansfield in *Maybruck v. Haim, supra,* as examples of conduct constituting waiver or consent. It must be remembered that the brief was filed in response to a matter initiated by defendant; plaintiff has not *initiated* any litigation in the federal court. *Cf. Kramer v. Jarvis,* 81 F.Supp. 360, 361 (D.Neb.1948) (plaintiff's filing of wholly unnecessary and unauthorized reply to defendant's answer did not constitute waiver of defendant's complete failure to follow prescribed steps for removal).

3. Finally, defendant argues, once again, that plaintiff is estopped from objecting on timeliness grounds because of his self-contradictory statements and the confusion caused by his conduct. Defendant's claims of confusion were addressed and disposed of by the Court in its first remand order. And, inasmuch as defendant has stated it believes its initial position on the Ohio pleading rule was correct, it can hardly be heard to complain now that the Court is in agreement with that position. Even if the Court had reached its decision on the Ohio rule at the time of the first motion to remand, defendant would have been barred from federal court on timeliness grounds. Stated simply, that is the bottom line. This case was removable at the outset. It could have been removed in a timely manner. It was not. And so, subsequent events notwithstanding, it is not removable now.

The motion for reconsideration is denied.

IT IS SO ORDERED.