Joseph MEYERHOFF et al.

v.

Herbert S. GARTEN, and Fedder and Garten, a partnership composed of Joel D. Fedder and Herbert S. Garten.

Civ. No. 15605.

United States District Court
D. Maryland.
Aug. 4, 1964.

William L. Marbury, John Martin Jones, Jr., and Piper & Marbury, Baltimore, Md., for complainants.

James D. Nolan, Towson, Md., for respondents.

THOMSEN, Chief Judge.

Complainants seek remand of this case to the Circuit Court of Baltimore City, from which it was removed by respondents.

The bill of complaint filed in the Circuit Court alleges that complainants are the surviving directors of five Maryland corporations which have been dissolved; that for the tax year 1951 and for certain tax years thereafter, those corporations filed income tax returns and, pursuant to certain regulations then in force, paid taxes totaling approximately $1,000,000 with respect to certain ground rent transactions; that the late Morris Fedder, a member of the law firm of Fedder and Garten, was retained to prosecute refund claims for the several corporations; that such claims were duly filed, and after Fedder's death, several lawyers, including respondent Garten, were engaged to prosecute those claims; that since Internal Revenue Regulation 601.-502(c) [1] prohibits the Internal Revenue Service from dealing with attorneys in the capacity of attorneys-at-law, com-

---

[1]. Reg. 601.502(c) provides in pertinent part:

"\* \* \* no attorney or agent shall appear on behalf of any person before any office of the Internal Revenue Service nor shall the attorney or agent be recognized in any matter connected with the presentation of another person's interests, including the preparation and filing of necessary written documents and correspondence with the Service relating to such interests, unless the attorney or agent presents and files a power of attorney in proper form, or a true copy thereof, from the person authorizing the attorney or agent to represent him in the matter in question."

plainants executed several powers of attorney, each of which appointed respondent Garten and other lawyers attorneys-in-fact to appear before the Treasury Department in connection with the refund claims with "full power to do everything whatsoever requisite and necessary to be done in the premises, and to receive refund checks, to execute waivers of the statute of limitations, and to execute closing agreements as fully as the undersigned might do if done in his own capacity, with full power of substitution and revocation, at any time subsequent to the date hereof and prior to the revocation * * *"; that each of the powers of attorney "requested that a copy of all communications regarding any matter in which the said attorneys are hereby authorized to act be addressed to them care of the law office of Fedder and Garten, 421 Title Building, Baltimore 2, Maryland."

The bill of complaint further alleges that acting under those powers of attorney Garten and the other lawyers engaged in negotiations with the Service as attorneys-in-fact, which led to a final compromise agreement pursuant to which five United States government checks, in the total amount of $702,312.-01, each payable to one of the dissolved corporations, were issued in payment of the refund claims; that each of the checks was sent to respondents Fedder and Garten pursuant to the direction in the powers of attorney quoted above, and were received by them as such attorneys-in-fact; that complainants have demanded that respondents deliver the checks to them, but respondents have refused, claiming an attorney's lien to secure fees of $175,000 in connection with the tax refund claims.

Complainants deny that respondents have an attorney's lien under the circumstances alleged, deny that they agreed to pay respondents a fee of $175,-000, concede that they agreed to pay a reasonable fee regardless of the outcome of the refund claims, allege that the claimed fee is exorbitant, and state that they are willing to pay Garten such reasonable fee as may be determined by the court.

The bill of complaint prays (a) an injunction requiring respondents forthwith to deliver to complainants all said checks; (b) a declaratory decree fixing a reasonable fee for respondents' services; and (c) other and further relief. A show cause order with respect to (a) was requested and issued by the Circuit Court.

Respondents' petition for removal under 28 U.S.C.A. § 1441 [2] alleges that this is an action of a civil nature of which the district courts of the United States have original jurisdiction; that it involves the requisite jurisdictional amount, and "arises under the laws of the United States", because "the Complainants base their claim for relief against the Respondents, upon, by virtue of, and under the Federal statutes and Acts of Congress, and regulations per-

2. 28 U.S.C.A. § 1441 provides:
 "Actions removable generally
 "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United State for the district and division embracing the place where such action is pending.
 "(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 "(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

taining thereto governing and controlling practice before an agency of the United States Department of the Treasury."

In support of their motion to remand, complainants contend that their cause of action for specific restitution of the checks is founded on state law, and not on a claim or right arising under the Constitution or laws of the United States or any regulations adopted pursuant thereto. They argue: that an attorney-at-law has a retaining lien on papers, securities and money belonging to his client only if they come into his possession in the course of his professional employment as such attorney, citing Ashman v. Schecter, 196 Md. 168, 173–174, 76 A.2d 139; that no lien arises if they were received by him in any other capacity than that of attorney-at-law, citing, inter alia, Poe on Pleading and Practice, Tiffany ed., vol. 2, p. 47; that respondents received the checks in question as attorneys-in-fact under the several powers of attorney and not as attorneys-at-law; that no charging lien is recognized by the Maryland Courts, citing Ashman v. Schecter, supra, and United States v. 72.71 Acres of Land, D.Md., 167 F.Supp. 512 (1958); cf. United States v. Jacobs, D.Md., 187 F.Supp. 630 (1960), aff'd 298 F.2d 469, 474 (1961); and with respect to their second cause of action, that the determination of the amount of the fee does not present a question of federal law, despite the fact that the checks are government checks issued in payment of refund claims against the United States, citing Bank of America Nat. Trust & Sav. Ass'n v. Parnell, 352 U.S. 29, 77 S.Ct. 119, 1 L.Ed. 2d 93 (1956), and United States v. 72.71 Acres of Land, supra.

The development of the law with respect to the phrase "arising under the Constitution and laws of the United States", as used in 28 U.S.C.A. §§ 1331 and 1441, was reviewed by this Court in Acme Markets, Inc. v. Retail Store Employees Union Local No. 692, 231 F.Supp. 566 (July 21, 1964). That discussion need not be repeated here. The controlling principles applicable in this case may be summarized by the following quotations from Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936): "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. [City of] New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank [of Canton, Pennsylvania] v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. * * * Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." 299 U.S. at 112–113, 115, 57 S.Ct. at 97.

Respondents argue that complainants might have alleged merely that they were the owners of certain checks which defendants were unlawfully withholding from them, and might have prayed only for restitution, but that complainants elected to file a bill of complaint in which they sought (a) an injunction requiring respondents "forthwith to deliver to complainants all said checks" and (b) a determination of a reasonable fee for respondents' services. It was therefore necessary for them to include in their bill of complaint a full and frank disclosure of all material facts,[3] which they did. Those facts included: the retaining of the late Morris Fedder and, after his

---

3. McDowell v. Biddison, 120 Md. 118, 87 A. 752 (1913). See also Maryland Rules of Procedure, Rule 370.

death, the respondent Garten and other lawyers to prosecute the claims for refund; the provisions of Reg. 601.502(c), set out in note 1 above; the provisions of the powers of attorney executed pursuant thereto; the delivery of the checks pursuant to the powers of attorney; and the disputes about respondents' rights to an attorney's lien and the amount of respondents' fee. Respondents contend that the issue whether or not they have such a lien turns on the nature of the relationship created by the powers of attorney, and the effect of the powers upon the existing attorney-client relationship; that the decision of that issue requires a consideration of the Treasury Regulations governing practice before the Internal Revenue Service, issued pursuant to 5 U.S.C.A. § 261, including Internal Revenue Regulation 601.502(c), quoted in the bill of complaint, and other relevant regulations and rules governing the practice of attorneys and agents before the Internal Revenue Service, issued pursuant to 5 U.S.C.A. § 261; and that complainants' claimed right to receive the checks free from an attorney's lien will be sustained if the regulations under which the powers of attorney were issued are given one construction or effect, and will be defeated if they receive another construction.

Respondents' position is supported by a number of cases in other districts and circuits, particularly Ter Haar v. Kettleman North Dome Ass'n, S.D.Cal., N. Div., 34 F.Supp. 823 (1940) and Skelly Oil Co. v. Phillips Co., 10 Cir., 174 F.2d 89 (1949). But the Skelly case was reversed by the Supreme Court, Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), which was cited and quoted in the Acme opinion, 231 F.Supp. 566, at 570.

There is language in two Fourth Circuit opinions, decided during the interval between Gully and Skelly, which lend some support to respondents' position. See Constanzo Coal Min. Co. v. Weirton Steel Co., 4 Cir., 150 F.2d 929 (1945), and Miller v. Long, 4 Cir., 152 F.2d 196 (1945). But when the facts of those cases are considered, the decisions do not support respondents' position. The broad statements must be read in the light of the facts because, as Justice Cardozo noted in Gully it is futile to attempt to define broadly and in the abstract "a case arising under the Constitution or laws of the United States". 299 U.S. at 117, 57 S.Ct. at 100.

 The essential basis of complainants' cause of action is a claimed right of specific restitution; respondents rely on their claimed attorney's lien; both are rights given by state law. It is true that the determination of the issues, either by this court or by a state court, will require a consideration of the nature of the relationship created by the powers of attorney and the effect of the powers of attorney upon the existing attorney-client relationship. The court will have to consider not only Internal Revenue Service Regulation 601.502(c), quoted in the bill of complaint, but also other relevant regulations and rules governing the practice of attorneys and agents before the Internal Revenue Service.[4] Those regulations make a distinction between attorneys-at-law and other agents, which respondents properly emphasize. But the regulations are not an essential element of complainants' cause of action. As the Supreme Court said both in Gully and in Skelly: "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." 299 U.S. at 115, 339 U.S. at 672, 57 S.Ct. at 99.

The determination of the amount of the fee is clearly a matter of state law.

An order will be entered remanding the case to the Circuit Court for Baltimore City.

---

4. See 26 C.F.R. 601.501 et seq., and Treasury Department Circular No. 230 (Revised), which consolidated the revisions of Department Circular No. 230, dated November 26, 1958, appearing in 23 F.R. 9261, dated November 29, 1958, and the amendment, dated January 29, 1959, appearing in 24 F.R. 1157, dated February 14, 1959.