**Daniel GOTTLIEB, Sandra Gottlieb, Alison Gottlieb and Debra Gottlieb, by their parent and natural guardian Sandra Gottlieb**

v.

**FIRESTONE STEEL PRODUCTS COMPANY and The Firestone Tire & Rubber Company.**

Civ. A. No. 81–3859.

United States District Court, E. D. Pennsylvania.

Oct. 26, 1981.

S. Gerald Litvin, Philadelphia, Pa., for appellants.

Morton F. Daller, Philadelphia, Pa., for appellees.

### MEMORANDUM

TROUTMAN, District Judge.

In December 1979, the wheel and tire of a tractor-trailer tore away from the vehicle, bounded over the center lane divider and struck plaintiff's oncoming car. The identity of the truck and its driver has never been discovered. Plaintiff, a thirty-four year old clinical psychologist with two children, now a quadraplegic, brought this action in the Philadelphia Court of Common Pleas asserting various theories of liability against the manufacturers of the wheel, defendants Firestone Steel Products Company, Firestone Tire and Rubber Company (Firestone) and various unknown trucking companies, named as defendants "W", "X", "Y" and "Z". These latter defendants were apparently named in the original suit against the possibility that a continuing investigation would disclose the identity and owner of the truck. Moreover, allegations of the state of incorporation and the principal place of business were lodged against each unidentified trucking company in such a manner as to preclude removal to federal court. Specifically, trucking company "Y" was alleged to have its principal place of business in New Jersey, the state of which plaintiff is a citizen, and, along with the other unnamed trucking companies, to have carelessly and negligently operated and maintained the truck. With trial approximately two months away, plaintiff filed a praecipe to discontinue the action as to the unknown trucking companies. Thereupon, Firestone removed the action to this Court pursuant to 28 U.S.C. § 1441; plaintiff, seeking to remand, has filed an appropriate motion.

28 U.S.C. § 1446(b), the interpretation of which governs the dispute, provides in relevant part that

> [i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which* it may first be ascertained that the case is one which is or has become removable.

(emphasis added). In the case at bar, plaintiff contends that its pre-trial memorandum which articulated only theories of liability against Firestone, the listing of the case for trial in state court without having served or identified the trucking companies and conversations between counsel all establish an intention, existing in December 1980, to proceed only against Firestone. Hence, plaintiff argues that the time limits within which Firestone could properly remove this case expired in January 1981. Countering, defendant asserts that plaintiff's pre-trial memorandum, while admittedly asserting legal theories against defendant Firestone only, nevertheless included the trucking companies in the caption thereof and that the statutory requirement of the receipt of a "paper" before proper removal is not met by discussions between counsel. Firestone further argues that discovery showed plaintiff engaged in an ongoing investigation to identify the defendant trucking companies. Finally, Firestone asseverates that had it earlier attempted to remove this matter the case would have been remanded.

■ Accordingly, the issue before us is whether the thirty-day period within which cases must be removed was triggered by receipt of the praecipe to discontinue or by a prior series of events *memorialized* by the discontinuance. Because we hold that the case did not become removable until September 22, 1981, when the praecipe was filed, and because the removal petition was filed the next day, we will deny plaintiff's motion to remand.

■ The standard applied in determining when a case becomes removable requires reference to 28 U.S.C. § 1446(b), *supra*, which states that a timely removal petition is filed within thirty days from the receipt of a "motion, order or other paper from which it may first be ascertained" that the case may be removed. Plaintiff's contention that Firestone's receipt of its pre-trial memorandum in December 1980, which only made claims against Firestone, satisfies the "other paper" requirement, fails because the "other paper" must be of such a quality that a "defendant can, from *it*" clearly

ascertain that the case has become removable. *International Equity Corp. v. Pepper and Tanner, Inc.*, 323 F.Supp. 1107, 1109 (E.D.Pa.1970) (emphasis added). *See also DeBry v. Transamerica Corp.*, 601 F.2d 480, 490 (10th Cir. 1979). The pre-trial memorandum which listed the unknown trucking companies as defendants did not properly afford Firestone the opportunity to determine from *it* that plaintiff had dropped the non-diverse, unknown defendants. This is particularly true since plaintiff's answers to Firestone's interrogatories, filed two months before the pre-trial memorandum, stated that "the tractor trailer driver [is]— *as yet* unidentified". (emphasis added).

■ The "plain language" of the statute also defies an interpretation that the "other paper" requirement can be met by reference to conversations between counsel which purportedly discussed plaintiff's apparent *de facto* dismissal of the non-diverse, unknown trucking companies. *See Grigg v. Southern Pacific Company*, 246 F.2d 613, 619 (9th Cir. 1959) (statement by counsel that a non-diverse defendant would be dropped does not trigger the thirty-day period); *Bonnell v. Seaboard Air Line Ry. Co.*, 202 F.Supp. 53, 55 (N.D.Fla.1962) ("mere correspondence" between counsel is insufficient to begin running of the limitations period). *Cf. Kawecki Berylco, Inc. v. Fansteel, Inc.*, 512 F.Supp. 984 (E.D.Pa.1981) (interpreting a contract from its "plain language"); *Beck v. Borough of Manheim*, 505 F.Supp. 923 (E.D.Pa.1981) (interpreting federal statute from the "plain meaning" thereof); *Mikkilineni v. United Engineers & Constructors, Inc.*, 485 F.Supp. 1292 (E.D. Pa.1980) (interpreting federal regulations from the "plain meaning" thereof).

■ Finally, plaintiff asserts that the receipt by defendant of plaintiff's motion papers seeking a special listing of the case for trial, without service on, or discovery of, the unknown trucking companies, began the running of the thirty-day period. This argument was rejected in *Southern Pacific Co. v. Haight*, 126 F.2d 900, 905 (9th Cir.), *cert. denied*, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942), where the court stated that

the fact of non-service of the resident defendant was not sufficient ground for removal, . . . therefore, not until plaintiff took some affirmative action to sever the cause of action might the right to remove the cause [arise].

Plaintiff's subsequent announcement in *Haight* that it was ready to proceed against the named defendant made the case "removable". However,

the fact that the resident defendant was not served or would not appear at the time set for trial would not of necessity be known to the non-resident defendant and[,] therefore[,] his right to remove could not be denied.

*Id.* Construing *Haight* one court observed that the case established that a timely petition for removal may be filed by defendant "immediately after fictitious defendants are no longer part of the action and can[,] therefore[,] no longer destroy the required diversity". *Preaseau v. Prudential Insurance Co. of America*, 591 F.2d 74, 77 (9th Cir. 1979). *Cf. Percherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal").

Other courts agree with the Ninth Circuit's conclusions as articulated in *Haight* and *Preaseau*. *Holloway v. Pacific Indemnity Co., Inc.*, 422 F.Supp. 1036, 1041 (E.D. Mich.1976), held that so long as a cause of action has been stated against an unknown resident defendant, the case may not be removed "until plaintiff dismisses the action against that defendant, or actually commences trial without having served him". *See also Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978); *Fidelity & Casualty Co. of New York v. Safeway Steel Scaffolds Co.*, 191 F.Supp. 220, 222 (N.D.Ala.1961).

Where, however, the unnamed defendants are "ineffectual" and "no cause of action has been stated against them", some courts "disregard" them in considering whether diversity exists. *Scurlock v. American President Lines*, 162 F.Supp. 78, 81 (N.D.Cal.1958). *Accord, George v. Al-Saud*, 478 F.Supp. 773, 774 (N.D.Cal.1979). *Contra, Preaseau v. Prudential Insurance Co. of America*, 591 F.2d at 77–78, n.2 (the "degree of identification of the Does in the complaint" should not determine whether the case is removable). Regardless, in the case at bar, "real" claims have, indeed, been leveled at the unknown defendants.

■ Plaintiff's claim of prejudice by removal on the eve of trial is insufficient to compel remand since an action may be properly remanded only for the specific reasons delineated in the controlling statute. *Thermtron Products, Inc. v. Hermsdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976). Importantly, plaintiff's pleading initially created the questionable situation of whether diversity existed. Hence, he should not profit from the ensuing uncertainty. *Fred Olsen & Co. v. Moore*, 162 F.Supp. 82, 84 (N.D.Cal.1958). Moreover, where counsel dismisses non-diverse, unknown defendants just before the case goes to the jury, removal is proper. *First National Bank in Little Rock v. Johnson*, 455 F.Supp. 361 (E.D.Ark.1978). In one case a removal petition was held properly filed when fictitious defendants were dismissed *during jury deliberations. Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C.1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980).

Finally, firm policy reasons support our conclusion. The removal statute is designed to provide a *"uniform and definite time for a defendant to remove an action"*. *Crompton v. Park Ward Motors, Inc.*, 447 F.Supp. 699, 701 (E.D.Pa.1979) (emphasis in original; quotation omitted). Defendants should not be required to "guess" when a case becomes removable. To hold otherwise would require defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal. Such a situation would create havoc on the dockets of both state and federal courts as defendants, named in complaints with "John Doe" co-defendants, would remove cases to federal court only to discover that plaintiff still sought to locate and serve the unidentified

defendants. The result would be repeated removals and remands of the same case, with defendant losing the bond which it must post with each petition. 28 U.S.C. § 1446(d). The law does not require such an unjust result. Accordingly, an appropriate order will be entered denying plaintiff's motion to remand.