**Jimmy E. HUBBARD, Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA, Defendant.**

**Civ. A. No. 84–2154.**

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 28, 1985.

---

2. *Aff'd on other grounds,* 647 F.2d 320 (2d Cir. 1981), *rev'd on other grounds,* 461 U.S. 480, 103   S.Ct. 1962, 76 L.Ed.2d 81 (1983).

Marvin W. Masters, Masters & Taylor, Charleston, W.Va., for plaintiff.

Richard A. Hayhurst, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The Plaintiff brought this action against Defendants Union Oil Company of California and Heater Oil Company, Inc. in the Circuit Court of Kanawha County seeking monetary damages and specific performance of an alleged oral contract to sell to Plaintiff a service station in Kanawha County owned by Heater Oil. The trial was scheduled to commence in Circuit Court on April 23, 1984. However, just prior to this scheduled trial date, the Plaintiff settled his claims against Heater Oil and pursuant to the settlement agreement dismissed Heater Oil as a defendant. Because Heater Oil was the non-diverse defendant in the action [1] its dismissal created complete diversity between the parties, thus giving rise to federal diversity jurisdiction. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (3 Cranch 267), 2 L.Ed. 435 (1806) and its progeny. On April 18, 1984, Union Oil removed the case to this Court pursuant to 28 U.S.C. § 1446 based upon diversity of citizenship and federal question jurisdiction. After filing the initial petition for removal, counsel for Union Oil concluded that no federal question basis for removal existed and on May 8, 1984, filed an Amended Petition for

1. Plaintiff is a citizen of West Virginia; Defendant Heater Oil is a West Virginia corporation with its principal place of business in West Virginia; Defendant Union Oil is a corporation incorporated under laws of the State of California. *See* Complaint at ¶ 1 and ¶ 5 of the Petition for Removal.

Removal asserting solely diversity jurisdiction as the basis for removal. This matter is now before the Court on Plaintiff's motion to remand this action to state court.

## I. *Plaintiff's Motion to Remand*

The Plaintiff asserts two grounds in support of his motion to remand this action to state court. First, Plaintiff argues Defendant's removal petition was not timely filed and, as a consequence, Defendant has waived his right to remove. Second, Plaintiff points out that this case was pending in the Circuit Court of Kanawha County for over two years, had been pretried by Judge Harvey of that court, who had also heard testimony and ruled on Plaintiff's motion for injunctive relief, and that to allow Defendant to remove the case to federal court will result in prejudice to the Plaintiff and a duplication of judicial time and effort. The Court will address these contentions in reverse order.

■ A. *Prejudice.* As to the second ground asserted by Plaintiff, the Court has no doubt that the removal of this action less than one week before the scheduled trial date has served to prejudice and inconvenience Plaintiff and his counsel. However, the Court has been referred to no case, and the Court's research discloses none, which would support the contention that removal on the eve of trial is improper. To the contrary, the case law reveals that the timing of the removal petition, in relation to the status of the state court proceedings, is irrelevant as long as the petition is filed within thirty days of the date it became apparent the case was removable to federal court. *See e.g., Gottlieb v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1140 (E.D.Pa.1981) wherein the court held that:

"Plaintiff's claim of prejudice by removal on the eve of trial is insufficient to compel remand since an action may be properly remanded only for the specific reasons delineated in the controlling statute.

\*    \*    \*    \*    \*    \*

Moreover, where counsel dismisses non-diverse, unknown defendants just before the case goes to the jury, removal is proper. *First National Bank in Little Rock v. Johnson,* 455 F.Supp. 361 (E.D. Ark.1978). In one case a removal petition was held properly filed when fictitious defendants were dismissed *during jury deliberations. Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328 (D.S.C.1979) *appeal dismissed,* 622 F.2d 584 (4th Cir.1980) [emphasis supplied in *Gottlieb* ]"

■ Applying the authorities discussed in the *Gottlieb* case, the Court concludes that prejudice to the Plaintiff and duplication of judicial resources, while unfortunate, do not constitute grounds for remand however compelling and persuasive grounds they may be from a practical standpoint.

B. *Defendant's Waiver of its Right to Removal.* Plaintiff argues that federal question jurisdiction arose on May 11, 1983, when Judge Harvey entered an order (more than thirty days prior to removal), denying Plaintiff's motion for injunctive relief, wherein the Court concluded it had jurisdiction to "decide any and all issues presented with respect to PMPA [Petroleum Marketing Practices Act], 15 U.S.C. § 2801." If Plaintiff is correct in this assertion, then the later removal on diversity grounds was unseasonable. Union Oil responds to this argument by citing to the Court several cases from this Circuit supporting the proposition that in order to make removal proper on federal question grounds, the federal question must arise from the Complaint itself. *See e.g., Burgess v. Charlottesville Savings and Loan Association,* 477 F.2d 40, 43 (4th Cir.1973):

"As stated in the order of the District Court, federal subject-matter jurisdiction in this case is predicated entirely on the claim that the suit 'arises under' federal law. Such a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself. To sustain it, the complaint must, however, contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in sub-

stance' and 'not in mere assertion, but in essence and effect.'

\* \* \* \* \* \*

In ascertaining whether there is a real federal issue upon 'which the result depends' the Courts have observed 'the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible' and federal question jurisdiction attaches only 'to cases where the plaintiff's cause of action, *the rule of substance under which he claims the right to have a remedy,* is the product of federal law.'" [footnotes omitted; emphasis in the original].

*See also, Eure v. NVF Co.,* 481 F.Supp. 639 (E.D.N.C.1979); *O.F. Shearer & Sons, Inc. v. Decker,* 349 F.Supp. 1214 (S.D.W. Va.1972); *Meyerhoff v. Garten,* 232 F.Supp. 363 (D.Md.1964).

■ The Defendant also correctly points out that a federal question arising by way of *defense* to Plaintiff's claims does not support removal. *See Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Tennessee v. Union and Planter's Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Levitt & Sons, Inc. v. Prince George County Congress of Racial Equality,* 221 F.Supp. 541 (D.M.D.1963). This principle is not applicable to the case at bar, however, because the federal statute giving rise to federal question jurisdiction was not raised as a defense; the PMPA was asserted by the Plaintiff as a basis for affirmative relief. *See* discussion *infra* at pp. 793–794.

Before addressing the Defendant's arguments, it is advisable to review the relevant portion of the removal statute here in controversy:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order or other paper* from which it *may first* be ascertained that the case is one which is or has become removable. [Emphasis added]."

28 U.S.C. § 1446(b).

■ Because there is no disagreement that Plaintiff's complaint stated only state law-based claims for relief, the focus in this case must center on the second paragraph of the above reproduced statute. *O'Bryan v. Chadler,* 496 F.2d 403, 409 (10th Cir. 1974) (Section 1446(b) "is designed to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable due to the filing in state court of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable'"). For this reason, the cases relied upon by the Defendant for the proposition that the complaint itself must raise a federal question to make the case removable to federal court are inapposite.[2] The issue here is not whether the initial pleading raised a federal question, but whether a federal question sprung from subsequent proceedings in the case.

After reviewing the parties' memoranda submitted to the Circuit Court preparatory to the hearing on Plaintiff's motion for injunctive relief, the Court finds that a federal question was clearly raised at that point in the state court proceedings. The parties' briefed the issue of the applicability of the PMPA and Plaintiff's memoran-

---

**2.** *See* cases cited *supra* at p. 792.

dum specifically and "voluntarily" requested relief under the PMPA:[3]

> "Union's sale of the property to Heater was in violation of the Petroleum Marketing Practices Act, 15 U.S.C. 2801, *et seq.*, copy attached. The Act, at 2802, which outlines the requirements for notification of termination or nonrenewal of the franchise relationship, requires the franchiser to do as follows: [Subsection (D) of Section 2802 is reproduced verbatim in the Plaintiff's memorandum]."

Plaintiff's memorandum in support of injunction at pp. 9–10. Further, the entirety of Plaintiff's reply memorandum, filed in the Circuit Court, is devoted to requesting relief under the PMPA. These pleadings are more than sufficient to satisfy the "amended pleading, motion, order or other paper" requirement of Section 1446(b). *See O'Bryan v. Chadler,* 496 F.2d at 408 (modification of memorandum to trial court held sufficient to constitute "an amended pleading" for purposes of satisfying Section 1446(b)).

The fact that the Plaintiff affirmatively sought relief under a federal statute distinguishes this case from those cited by the Defendant for the proposition that a federal question asserted as a *defense* does not make a case removable on the basis of federal question jurisdiction. *See* cases cited *supra* at p. 793.

From the procedural history of this case at the Circuit Court level and applying the case law previously discussed, the Court concludes that a federal question making this action one properly removable under Section 1446(b) arose at the time Plaintiff filed his memorandum in support of his motion for injunctive relief (and it certainly should have been clear to all concerned that a federal question existed when Judge Harvey ruled expressly referring to the PMPA and the Circuit Court's jurisdiction consider relief under that federal statute). Further, inasmuch as Plaintiff's motion for injunctive relief was briefed and ruled upon

in 1983 (the Circuit Court's order was entered on May 11, 1983, and Union Oil's original petition for remand was not filed until April 18, 1984), the removal petition was not timely filed as to the federal question ground for removal; however, Defendant's petition was filed within thirty days of the date diversity jurisdiction arose.

The issue confronting the Court at this point, therefore, is when a case becomes removable on successive grounds, may a party decline to remove a case when the first basis for removal appears but then remove the case within thirty days of the appearance of the second basis establishing federal jurisdiction. Before addressing this specific issue, the Court notes that "[i]t is a well-settled rule of law that the removal statutes are to be strictly construed against permitting removal." *Continental Resources and Mineral Corp. v. Continental Ins. Co.,* 546 F.Supp. 850, 852 (S.D. W.Va.1982). *See also, Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941); *W.Va. State Bar v. Bostic,* 351 F.Supp. 1118, 1120 (S.D. W.Va.1972). The public policy consideration behind this principle of statutory construction is essentially a practical one and is well illustrated by this case. While jurisdiction in the state court is clearly proper, it is a very close question whether this Court can also properly assert jurisdiction over this matter. If this Court were to deny the motion to remand and retain this case on its docket through trial, there is a very real possibility that all of the labors of counsel and the Court would be held for naught by an appellant ruling that the removal of this case was improvident and that as a result this Court had no jurisdiction to preside over this action. The safe course, then, is to remand this action to a court where all can agree jurisdiction is properly exercised rather than retain this case in a federal forum where jurisdiction is questionable. *See Burgess v. Charlottesville Savings and Loan Association,* 477 F.2d at 43 ("[I]t has often been·held

---

**3.** Because Plaintiff voluntarily requested relief under the PMPA, Defendant's reliance on the case of *Great Northern Railroad Company v.*

*Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918) is misplaced. *See* Defendant's memorandum of law at p. 11.

that federal courts must be alert to avoid overstepping their limited grants of jurisdiction. At any stage of a litigation, including the appellate, subject-matter jurisdiction may be questioned."); *Freeman v. Colonial Liquors, Inc.*, 502 F.Supp. 367, 369 (D.Md.1980); *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934):

> "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."

■ The express language of the statute itself resolves the issue under consideration. As the underscored portions of the second paragraph of Section 1446(b), reproduced above, indicate, the removal petition must be filed within thirty days of the *first* pleading giving rise to federal jurisdiction. The necessity of this time limitation is obvious: Without it a Defendant, once having identified the case as one removable to federal court, could retain the unfair advantage of being able to remove the case at will, enabling a Defendant to exercise his unilateral power of removal at a strategic juncture in the litigation. The thirty-day limit for removal upon the initial pleading provided in the first paragraph of Section 1446(b) serves the same purpose. This purpose would be defeated if a Defendant were allowed to decline to remove a case upon one ground and then, later in the litigation, attempt to remove the case when a second ground for removal presented itself. If a Defendant is desirous of litigating an action in federal court, he must seize the first opportunity to do so by removing the case to federal court within the prescribed thirty-day period. If the Defendant does not remove the case upon the first opportunity, the Defendant has waived his right to remove at a later time. "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by section 1446(b); subsequent events do not make it 'more removable' or 'again removable'." *Lassiter v. State Farm Mutual Automobile Insurance Co.*, 371 F.Supp. 1221, 1224 (E.D.Ark.1974); *Feller v. National Enquirer*, 555 F.Supp. 1114, 1120 (N.D.Ohio 1982); *Lee v. Volkswagen of America, Inc.*, 429 F.Supp. 5, 7 (W.D.Okla.1976).

The Defendant here, having declined to remove the action to federal court within thirty days of the date federal question jurisdiction was injected into the case, has waived its right to remove this case based upon diversity of citizenship jurisdiction. Accordingly, the Court concludes that this action was improvidently removed to this Court and remands this case to the Circuit Court of Kanawha County for further proceedings.