Jeff A. SMITH

v.

**BALLY'S HOLIDAY, Great American Finance Company, and Mutual Acceptance Finance Company.**

No. 1:93–cv–1247–RCF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 16, 1994.

Don Miller Jones, Office of Don M. Jones, Loganville, GA, for plaintiff.

Forrest W. Hunter, Charles Herrick Morgan, Alston & Bird, Atlanta, GA, for defendants.

## ORDER

RICHARD C. FREEMAN, Senior District Judge.

This action is before the court on plaintiff's motion to remand [# 2–1]. Defendants oppose the motion.

*Background*

This action, which essentially sounds in tort, was removed on the basis of diversity jurisdiction (28 U.S.C. § 1332) by defendants from the Superior Court of Gwinnett County, Georgia. Plaintiff now moves the court to remand this action back to the state court, due to defendants' alleged failure to remove the action in a timely manner. Plaintiff asserts that defendants should have known from the face of the complaint that plaintiff seeks damages, compensatory plus punitive, in excess of $50,000.00, the jurisdictional requirement set by the § 1332.[1]

According to 28 U.S.C. § 1446(b), the statute authorizing removal, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." It is this thirty-day limitation upon which plaintiff's argument rests.

Defendants, on the other hand, base their argument in part upon the second paragraph of § 1446(b), which states: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ⚹ ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ..." Defendants argue that they had no way of knowing from the face of the complaint that plaintiff sought damages in excess of $50,000.00. They contend that they were unaware of the amount of damages sought until plaintiff's counsel contacted opposing counsel via telephone and informed defense counsel that damages would be sought "in the six-figure range." *See* Exhibit A to Notice of Removal, Affidavit of Charles H. Morgan, at ¶ 5. Soon thereafter, defendants filed their notice of removal.

The court disagrees with plaintiff's contention that removal was untimely. However, it does find that defendants' notice of removal was filed prematurely, and thus remands this case to the state court.

*Discussion*

**A. Were Defendants Untimely in Filing Their Notice of Removal?**

■ The court cannot agree that defendants "should have known" from the face of

---

**1.** Plaintiff's complaint seeks compensatory damages "in excess of $14,000.00," and punitive damages of an unspecified amount. Complaint, ¶¶ 5–6.

the complaint that plaintiff's claim satisfied the jurisdictional amount. Though the test for jurisdictional amounts is one of liberality, *Burns v. Anderson,* 502 F.2d 970, 971 (5th Cir.1974),[2] a defendant should not be required to read between the lines to discern dollar figures plaintiff has not seen fit to specify in his or her complaint. On this point, the court finds the case of *Gaitor v. Peninsular and Occidental Steamship Co.,* 287 F.2d 252 (5th Cir.1961), controlling. In *Gaitor,* the plaintiff sought damages "no more specific than 'in excess of $5,000.00.'" *Id.,* at 253. The former Fifth Circuit found this language to constitute "nebulous mathematical phraseology," which was deemed too indefinite to support diversity jurisdiction. *See id.,* at 254–55. Specifically, court held: "We cannot construe the complaint's words 'in excess of $5,000.00' as 'exceeding the sum or value of $10,000.00' [the pre-amendment jurisdictional amount] in the words of 28 U.S.C. § 1332, which proscription is mandatory as a limitation on federal jurisdiction in diversity cases." *Id.* at 254. Therefore, the *Gaitor* court concluded that "even though the complaint here might show diversity of citizenship authorizing removal ..., *the amount in controversy being open was ground for remand.*" *Id.* at 254–55 (emphasis added).[3]

■ The court finds little in the instant case to distinguish *Gaitor.* Indeed, but for the fact that punitive damages are claimed by plaintiff in this action, the cases are identical on their operative facts.[4] The punitive damages claimed by plaintiff are even more "nebulous" than his alleged compensatory damages, inasmuch as he does not allege any dollar amount whatsoever in the complaint. Just as the uncertain nature of the compensatory damages requested in *Gaitor* justified remand, the uncertain nature of punitive damages can be fatal to jurisdiction. *See Lindsey v. Alabama Tel. Co.,* 576 F.2d 593, 595 (5th Cir.1978) (even though plaintiff specified $1 million in punitive damages to be divided among the class members, there was "no way to ascertain the number of class members, and thus no way to determine if the amount in controversy requirement was satisfied" as to each class member). Such is the case here. Thus, the court cannot agree that defendants should have known from the face of plaintiff's complaint that the instant action was removable.[5] The court must therefore determine whether, if at any time, defendants received satisfactory notice that plaintiff was claiming damages in excess of $50,000.00, and therefore that the action was removable.

## B. Were Defendants Premature in Filing Their Notice of Removal?

■ As previously noted, when an action is not immediately removable at the time of filing of the complaint, such as in the case at bar, a defendant has 30 days from the date of

---

**2.** All decisions of the former Fifth Circuit decided prior to October 1, 1981 are binding precedent for the Eleventh Circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

**3.** The *Gaitor* court went on to note that a defendant need not always be victimized by "nebulous mathematical phraseology" in a complaint because the removal statute also permits removal after it is shown "by amended pleading, motion, order or other paper" that removal is proper. *Id.* at 255. This provision of the statute forms the next step in the court's inquiry. *See infra,* pp. 1453–1454.

**4.** Punitive damages and compensatory damages may be aggregated for the purpose of satisfying the jurisdictional amount, so long as punitive damages are recoverable on the complaint. *Bell v. Preferred Life Assur. Soc. of Montgomery, Al.,* 320 U.S. 238, 239–240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). In Georgia, whose law controls this ac-

tion, punitive damages are recoverable "in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51–12–5.1(b). Most punitive damages are capped at an award of $250,000.00. *See* O.C.G.A. § 51–12–5.1(g).

**5.** The court also rejects plaintiff's argument that defendants had a duty to investigate the damages that might be claimed by plaintiff. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163–64 (5th Cir.1992) (finding no affirmative duty to investigate). This case is not one in which the facts as pleaded belie a high level of damages. *Cf. Turner v. Wilson Foods, Inc.,* 711 F.Supp. 624, 626 (N.D.Ga.1989) (Hall, J.) (complaint alleging severe burns and other injuries placed defendants on notice that damages would exceed the jurisdictional amount).

receipt of a copy of "an amended pleading, motion, order or *other paper*" that indicates the action has become removable. 28 U.S.C. § 1446(b) (emphasis added). Both defendants and plaintiff alike concede that defendants have received no amended pleading, motion, order or any other *written* vehicle communicating the nature of plaintiff's damage claims. *See* Motion for Remand, at 3; Brief in Opposition, at 9. Instead, defendants admit that the "notice of removability"—i.e., that damages would be sought "in the six figure range"—came via oral communication between counsel for the opposing litigants. The question before the court is whether an oral notice of this type triggers the second paragraph of § 1446(b).

The court is aware of, and defendants have cited, no binding precedent that allows an oral communication to satisfy the statute. The court has found, however, numerous district court opinions (and one non-binding circuit court opinion) indicating that the "the plain purpose of [the second paragraph of § 1446(b) ] is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present." *First National Bank v. Johnson & Johnson,* 455 F.Supp. 361, 362 n. 2 (E.D.Ark.1978). *Accord Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328, 334 (D.S.C.1979), *dismissed without opinion,* 622 F.2d 584 (4th Cir.1980) (same); *Mike Silverman & Assoc. v. Drai,* 659 F.Supp. 741, 746 (C.D.Cal.1987) (same); *De Bry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir.1979) (same); *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355, 358 (N.D.Ga.1978) (O'Kelley, C.J.) (same). A defendant can "intelligently ascertain" notice of the requisites of removability from either formal or informal communications. *See, e.g., Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393, 394–95 (D.C.Del.1988) ("clear purpose of § 1446(b) 'is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner' ") (quoting 14A Wright, Miller, et al. Federal Practice and Procedure § 3732, at 520); *Decubas v. Norfolk Southern Corp.,* 683 F.Supp. 259, 262 (M.D.Ga.1988) (same).

A review of the caselaw developed under the second paragraph of § 1446(b) indicates a wide spectrum of opinion on how "formal" or "informal" the notice must be in order to satisfy the statute. For example, some courts have held that oral statements in deposition testimony that illuminate the removability of the action *do* trigger the running of the statute. *See, e.g., Brooks v. Solomon Co.,* 542 F.Supp. 1229, 1230 (N.D.Ala.1982); *Fuqua v. Gulf, C. & S.F.R.R.,* 206 F.Supp. 814, 816 (E.D.Okla.1962); *Gilardi v. Atchison, T. & S.F.R.R.,* 189 F.Supp. 82, 84 (N.D.Ill.1960). *See also, Hessler,* 684 F.Supp. at 394–95 (in-court statements by plaintiff's counsel constitute "other paper" within the meaning of the statute); *Heniford,* 471 F.Supp. at 334 (same); *First National Bank,* 455 F.Supp. at 362 (plaintiff's motion to dismiss non-diverse defendant granted in open court sufficient to trigger statute); *Drai,* 659 F.Supp. at 746 (telephone call from plaintiff's counsel to defense counsel informing latter of dismissal of non-diverse defendant sufficient under statute).

On the other hand, some courts have been less willing to broadly construe § 1446(b)'s notice requirements. *See, e.g., Gottlieb v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1139 (E.D.Pa.1981) ("The 'plain language' of the statute ... defies an interpretation that the 'other paper' requirement can be met by reference to conversations between counsel which purportedly discussed plaintiff's apparent *de facto* dismissal of the non-diverse [defendants]."); *Bonnell v. Seaboard Air Line Ry.,* 202 F.Supp. 53, 55 (N.D.Fla.1962) ("mere [letter] correspondence" does not constitute "other paper," nor does deposition testimony that establishes plaintiff's damages at "30% disability," because latter form of notice would require defendants "to translate percentage disability into a substantially larger dollars and cents claim," and would "require the court to assume too much in order to confer jurisdiction."); *Pepsico, Inc. v. Wendy's Int'l, Inc.,* 118 F.R.D. 38, 42 (S.D.N.Y.1987) (notice received from source other than papers or proceedings in the case at bar not sufficient under statute); *Gruner v. Blakeman,* 517 F.Supp. 357, 361 (D.Conn.1981) (notice re-

ceived from court order in litigation external to case not sufficient under the statute); *Avco Corp. v. Local 1010 of the International Union,* 287 F.Supp. 132–33 (D.Conn.1968) (same).

Having considered the aforementioned decisions and the facts of the instant case, the court finds that oral communication between counsel, not reduced to writing (or not capable of immediate reduction to writing), and not of a nature any more specific than that damages would be sought "in the six-figure range," does not satisfy the language of § 1446(b). Several reasons contribute to the court's decision.

First, the bulk of the cases that broadly construe the second paragraph of § 1446(b) to include oral statements involve oral statements that were *reduced to writing at the time of making.* Depositions and statements in open court, of course, are recorded by a court reporter and made into a transcript. The only decision the court can locate which did not involve such simultaneous reduction of the communication in question, but wherein a court did find § 1446(b) triggered, was *Mike Silverman, supra.* As previously noted, the district court in that case held that informing opposing counsel via telephone that a non-diverse defendant *had already been* dismissed allowed removal and distinguished the case from *Gottlieb, supra,* wherein the telephone conversation concerned a dismissal that *had not yet* occurred, thereby preventing removal. *See Mike Silverman,* 659 F.Supp. at 746 and n. 10 (distinguishing *Gottlieb* ).

This case is more like *Gottlieb* than *Mike Silverman,* because the damage demand in this case (i.e., "in the six-figure range") was uncertain in nature. In *Mike Silverman,* the import of the communication, i.e., whether the non-diverse defendant was dismissed, could be objectively, *independently* verified. In fact, whether the phone conversation had occurred or not, the dismissal in *Mike Silverman* should have been recorded on the docket, or in some other fashion, thus triggering the statute anyway. Such was not the case in *Gottlieb,* and such is not the case here.

In addition, this court agrees with the district court in *Gottlieb* that the plain language of the statute does not leave room to "wiggle" oral communications into its meaning. On the range of communications considered "formal" to "informal," an amended complaint specifying exact damages is the zenith and an unrecorded phone call is the nadir. Especially given the nebulous context of the non-recorded phone call at issue in this case, the court is unwilling to torture the meaning of the second paragraph of § 1446(b) to include communications of this sort.

Furthermore, the court agrees with the *Gottlieb* court that:

> The removal statute is designed to provide a *"uniform and definite"* time for a defendant to remove an action. [cit. omitted]. Defendants should not be required to "guess" when a case becomes removable. To hold otherwise would require defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal. Such a situation would create havoc on the dockets of both state and federal courts. . . .

*Gottlieb,* 524 F.Supp. at 1140–41. The court finds that this action has been removed in just such an early, unwarranted fashion.

Finally, this court finds an additional policy reason for remanding this case. Even if the language in the statute could accommodate an expansive interpretation to include oral communications between counsel, the court believes a contrary decision would set the stage, and the precedent, for future affidavit battles over the contents of a phone call. There is little danger that oral statements in open court or in a deposition will be mistranscribed, and any mistake therein is likely to be immediately addressed. Given the nature of settlement negotiations (a likely setting for telephonic conversations between counsel), and the natural combative tendencies of litigation counsel in general, there can be no assurance whatsoever that even a sworn affidavit by an officer of the court will be free of "spin doctoring" upon the contents of the purported conversation. For this reason, the court finds it a better practice to interpret § 1446(b) as requiring either writings or oral communications with very little

possibility of lasting misinterpretation (i.e., an oral communication that is either transcribed or otherwise simultaneously reduced to a physical format).[6]

### C. Summary

In light of the foregoing, the court finds that neither paragraph of § 1446(b) has been triggered. That is, the complaint did not belie jurisdiction on its face, and no copy of an amended pleading, motion, order, or other paper revealing removability has been received by defendants. The court therefore concludes that removal was premature, thus necessitating remand to state court.[7]

*Conclusion*

Accordingly, plaintiff's motion to remand [# 2–1] is GRANTED. The Clerk is DIRECTED to REMAND this action to the Superior Court of Gwinnett County, and to CLOSE this action.

SO ORDERED.

---

**6.** The court notes additionally that the time limits in the statute, while not jurisdictional in nature, are mandatory, and are to be construed against conferring federal jurisdiction. *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1290 (W.D.Ark. 1987) (citing Wright, Miller *et al., supra,* at 527).

**7.** Defendants implicitly complain that if the court orders remand until such time as plaintiff chooses to put his demands in writing, then too much jurisdictional power would be placed in the hands of plaintiff. Even if such is the case, the vagaries of our system allow a plaintiff to choose his or her forum until such time as a federal statute compels a contrary venue. The court would not be surprised to see this case back in federal court—especially if a carefully drafted, specific interrogatory to plaintiff regarding the amount of punitive damages sought (which would constitute "other paper" for the purposes of § 1446(b)) is propounded and answered. Until the statute is satisfied, however, defendants must meet plaintiff in state court.